SARAH M. PALMER

*v.*

THOMAS SNELL.

*Filed at Springfield September 27, 1884.*

1. PURCHASER *from mortgagor—whether he can avail of a promise by the mortgagee to the mortgagor to make a release.* A verbal promise by the mortgagee to the mortgagor, to release one of several mortgaged tracts in the event of a sale of the same by the latter, can not be enforced by a purchaser of such tract under execution, who, after his purchase, receives a deed from the mortgagor without any consideration, where the land is not purchased in reliance on such promise, and the purchaser in no way altered his condition in expectation of such release.

2. DECREE—*as against one not a party.* On the foreclosure of a mortgage a purchaser from the mortgagor of one of several mortgaged tracts is not entitled to a decree requiring a purchaser of the other tracts, who assumed payment of the mortgage, to pay the same, when the latter is not made a party to the suit. A decree can not be rendered against one not made a party to the suit either by the original bill or by cross-bill.

3. MARSHALING ASSETS—*compelling mortgagee to first exhaust a particular security.* The rule of equity which compels a resort to a particular one of two funds for a creditor's benefit, in favor of another who can reach but one of them, will not be enforced when it trenches upon the rights or operates to the prejudice of the party entitled to the double fund.

11—111 ILL.

4. A mortgagee's right to a prompt foreclosure of his mortgage will not be impeded or delayed by compelling him to first resort to a personal remedy he may have against a purchaser of a portion of the mortgaged premises from the mortgagor, who assumes payment of the mortgage debt. The most that the subsequent purchaser of the remaining portion of the land can ask, is to have the mortgaged premises sold in the inverse order of alienation.

5. LIMITATION—*act of 1839—as between holder of equity of redemption and mortgagee.* A purchaser of the equity of redemption from a mortgagor can not invoke the Limitation act of 1839 to defeat a foreclosure of the mortgage. That statute does not apply to such a case.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. T. F. TIPTON & SON, for the appellant:

The court erred in not releasing the ten acres, as asked. Where one person enters into a simple contract with another for the benefit of a third person, the latter may maintain an action for a breach of such contract, and such contract is not within the Statute of Frauds. *Brown* v. *Short,* 19 Ill. 88; *Beasley* v. *Webster,* 64 id. 465; *Rabbermann* v. *Wiskamp,* 54 id. 179; *Steele* v. *Clark,* 77 id. 473; *Eddy* v. *Roberts,* 17 id. 505; *Bunn* v. *Strait,* 19 id. 89; *Bristow* v. *Lane,* 21 id. 194.

Where a person takes a conveyance of land from a mortgagor, containing a provision that he is to assume and pay the mortgage debt, the holder of the mortgage debt may enforce payment of him personally. *Hayward* v. *Gunn,* 82 Ill. 390; *Irvin* v. *Wood,* 37 id. 512; *Cumberland* v. *Codrington,* 3 Johns. Ch. 254; *Dow* v. *Peters,* 3 Edw. Ch. 140; *Burr* v. *Beers,* 24 N. Y. 178.

Where the owner of land mortgages it, and afterwards sells and conveys it subject to the mortgage, and the purchaser assumes the mortgage as a part of the purchase money, the latter becomes personally liable for the payment of the debt of the former to the holder of the mortgage. *Hartley* v. *Harrison,* 24 N. Y. 170; *Russell* v. *Pister,* 3 Seld. 171; *Halsey* v. *Read,* 9 Paige, 446; *Marsh* v. *Pike,* 10 id. 595; *Cornell* v.

*Prescott*, 2 Barb. 16; *Blyer* v. *Munholland*, 2 Sandf. Ch. 478; *Ferris* v. *Crawford*, 2 Denio, 595.

A decree for a deficiency may also be had over against a grantee from the mortgagee. *Halsey* v. *Read*, 9 Paige, 446; *Curtis* v. *Tyler*, id. 432; *King* v. *Whitely*, 10 id. 465; *Vail* v. *Foster*, 4 Comst. 312; *Belmont* v. *Cornan*, 22 N. Y. 438.

The undertaking of the grantee to pay the incumbrance is a collateral security acquired by the mortgagor, which inures, by equitable subrogation, to the mortgagee. *Burr* v. *Beers*, 24 N. Y. 178; *Trotter* v. *Hughes*, 12 id. 74; 1 Jones on Mortgages, sec. 755; *Thompson* v. *Thompson*, 4 Ohio, 333; *Van-Meters* v. *Van Meters*, 3 Gratt. 148; *Schlake* v. *Greaud*, 19 La. Ann. 125; *Klapworth* v. *Dressler*, 2 Beasley, 62.

Where a purchaser from a mortgagor assumes the debt as a part of the purchase money, the law implies a promise on his part to indemnify the grantee against the mortgage debt. *Sheeler* v. *Hardin*, 25 Ind. 286; *Gale* v. *Wilson*, 5 Rep. 667; *Jewett* v. *Draper*, 6 Allen, 434; *Braman* v. *Dawes*, 12 Cush. 227; *Townsend* v. *Ward*, 27 Conn. 610.

A creditor having two funds to which he may resort for payment, may be required to first exhaust the one in which he has an exclusive interest. *Ladd* v. *Griswold*, 4 Gilm. 25; *Wise* v. *Shepherd*, 13 Ill. 41; *Hunter* v. *Whitfield*, 89 id. 229; Bispham's Eq. 398, sec. 340.

Mr. R. A. LEMON, for the appellee:

Adams and Kitchen are not parties to this suit, and were not necessary parties, for the reason they had no interest.

The mortgagor can make no disposition of the mortgaged premises which can in any manner interfere with or impair the mortgagee's right to a prompt foreclosure. *Meacham* v. *Steele*, 93 Ill. 135.

The rule for marshaling assets is never enforced where it trenches upon the rights or operates to the prejudice of the party holding the double fund, or works injustice. (*Sweet* v.

*Redhead,* 76 Ill. 374.) This rule has been fully recognized and applied by requiring the sale of mortgaged premises in the inverse order of alienation. *Matteson* v. *Thomas,* 41 Ill. 110; *Iglehart* v. *Crane,* 42 id. 261; *Baird* v. *Jackson,* 98 id. 78; *Warner* v. *DeWitt Nat. Bank,* 4 Bradw. 305.

The proposition to release was a mere gratuitous offer, not acted on. *Bush* v. *Sherman,* 80 Ill. 160; Bigelow on Estoppel, 480, 560.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Thomas Snell filed his bill in equity, in the circuit court of DeWitt county, to foreclose a mortgage upon three small tracts of land. The mortgage was originally given by one Smith Taylor and wife, to one William B. Smith, to secure a debt of $4500. The mortgagee sold and assigned the mortgage notes to one George Dietrich, and the latter sold and assigned them to Snell. All the defendants were duly served, and the bill taken for confessed against them, except Sarah M. Palmer, who appeared and answered the bill, and filed a cross-bill, admitting the execution of the notes and mortgage, and the assignments, as alleged, and setting forth that her late husband, Ezekiel H. Palmer, in his lifetime, and after the execution of the mortgage, purchased from the mortgagor the ten-acre tract of land described in the mortgage, and that there was a verbal agreement between the mortgagor and mortgagee for the release of that ten acres from the mortgage upon payment of a certain portion of the mortgage debt; that the mortgagor did make that payment, as agreed, but that the release was never made; that Ezekiel H. Palmer afterward died testate, leaving said Sarah M. Palmer his widow, who is his executrix and sole devisee. The circuit court, on hearing, entered a decree of foreclosure as to all the mortgaged premises except said ten acres, and as to that granted the prayer of the cross-bill, cancelling the mortgage as to that tract. This decree was reversed by the Appellate Court for the Third

District, and upon the cause being remanded to the circuit court, a hearing was again had, and a decree of foreclosure ordering sale in the inverse order of their alienation as to all the mortgaged premises was entered. This second decree was affirmed by the Appellate Court, and the present appeal taken by Sarah M. Palmer to this court.

The alleged agreement for a release of the ten acres from the mortgage was of too vague and indefinite a character to entitle it to be relied upon. All the testimony respecting it is that of Taylor, the mortgagor, who states that at a conversation with Smith, the mortgagee, the latter agreed to release the ten acres if he (Taylor) had a chance to sell it, and would pay a certain amount of the debt; that he had sold it to one Colliver, but when they came to close the trade "Palmer came in with a judgment and stopped the sale;" that he paid the money to Smith he agreed to pay; that he told Palmer of the agreement with Smith for a release, and Palmer said he would get the release from Smith. Taylor made a deed of the ten acres to Palmer, but received no consideration for it. The deed was made June 18, 1868. The sheriff's deed to Palmer of the land, made under execution sale against Taylor, bears date June 9, 1868,—so that it appears Taylor did not sell the land to Palmer, but the sheriff sold it to him, under an execution in favor of Palmer, against Taylor, and that after the title had become vested in Palmer by the making of the sheriff's deed, Taylor made a deed for the land to Palmer, receiving nothing therefor. Palmer, then, did not purchase the land in reliance upon any agreement to release. His purchase under execution did not at all come within the purview of the alleged agreement to release. The alleged agreement was to release the ten acres if the mortgagor found an opportunity to sell it,—the mortgagee evidently being willing, in such a case, to aid the mortgagor, and may be benefit himself, in enabling the mortgagor to realize upon some of the property. To release upon an exe-

cution sale against the mortgagor would not come within the contemplation of such an agreement, and a purchaser at such a sale would have no right to rely upon an agreement of that kind. Palmer paid nothing upon the expectation of such a release to be made,—did no act and in no way altered his condition upon such expectation, more than to gratuitously accept a deed for land to which he already had the title. We perceive no equity which entitles appellant to call for a release of the ten acres from the mortgage.

Appellant makes a claim, which is manifestly without foundation, that there should first have been resort to other holders of the equity of redemption as having assumed the payment of the mortgage debt, or that she should have been subrogated to the mortgagee's claim of personal liability against them. Taylor, the mortgagor, sold and conveyed a part of the mortgaged premises to Parker S. Adams, the deed containing a covenant that the grantee assumed to pay the mortgage debt, and Adams afterward conveyed the same lands to John Kitchen, with a similar covenant in the deed, and Kitchen still afterward conveyed to James T. Snell, but without any such covenant in the deed, and no agreement of any kind to that effect. Adams and Kitchen are not parties to this suit, and of course there could be no decree against them. The witness John Kitchen, in his deposition, does say something about James T. Snell assuming the mortgage debt, but his testimony is very loose and carelessly given, and, taken altogether, shows quite clearly that there was no assumption by Snell of payment of the mortgage debt,—nothing more than buying the land subject to the incumbrance. But even had James T. Snell assumed the payment of the mortgage debt, so as to have given a right of resort to him, personally, to the mortgagee for the mortgage debt, the rule here invoked, which compels a first resort to a particular one of two funds for a creditor's benefit, who can reach but one of them, would not be applied in such a case as this, so as to require, first,

the exhaustion of the personal remedy against Snell. This rule will not be enforced whenever it will trench upon the rights or operate to the prejudice of the party entitled to the double fund. (*Sweet* v. *Redhead,* 76 Ill. 374.) The mortgagee's right to a prompt foreclosure of his mortgage is not to be impeded by compelling a first resort to any personal remedy the mortgagee may have. Further, the cross-bill does not claim any such affirmative relief as that which we have just considered, neither are any facts set forth in the cross-bill, or in the answer, upon which any such relief could be predicated. The rule for the marshaling of assets has been applied in the decree in this case, which directs that the tract in which appellant has an interest be offered for sale last and the other tracts first. This is all to which appellant is entitled.

There is evidently nothing in the case entitling appellant, the holder of the equity of redemption, to set up seven years' possession and payment of taxes upon the land, in bar of the foreclosure of the mortgage. The Limitation law of 1839 has no application to such a case. *Hagan* v. *Parsons,* 67 Ill. 170.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*