E. C. DAVIS *vs.* CROOKSTON WATERWORKS, POWER & LIGHT Co. (HUGH THOMPSON, Intervener).

Submitted on brief by appellant, argued by respondent May 18, 1894. Reversed in part June 1, 1894.

No. 8759.

Who should make a lien statement after the claim has been assigned.

Where a person performing labor or furnishing material in the erection of a building is entitled to a mechanic's lien to secure the sum due him therefor, but, before filing the lien statement, assigns the sum due him to another as collateral security for the payment of a debt due from him to such other, *held* he is entitled to file such lien statement afterwards within the statutory time, and the same will secure his equitable rights in the claim assigned, and also inure to the benefit of such assignee.

*Held,* further, when such lien claimant makes an absolute assignment of the sum so due him, and not merely an assignment for the purpose of security, a lien statement afterwards filed by him on his own behalf will not inure to the benefit of his assignee, but is void. *Held,* further, it is competent to show by oral evidence that such a written assignment, absolute on its face, was in fact intended merely as security.

### Evidence excusing delay in performing a contract.

Where a contract provided that it should be performed on or before a day named, and provided as stipulated damages the payment of a certain sum per day for each day's delay thereafter, *held* it does not apply where the delay is caused by the failure of the other party to the contract to perform on his part. *Held,* further, that there was evidence sufficient to sustain the finding that such delay in this case was excused by reason of such failure of the other party to perform, and by reason of other excuses provided for in the contract.

### Judgment not justified by the facts found.

Findings *held* not to justify a judgment declaring the sum due a lien on the property.

### On Application for Reargument.

### Pleading.

In an action to foreclose a mechanic's lien under Laws 1889, ch. 200, § 10, the allegations in an answer are deemed controverted without a reply.

Appeal by defendant, the Crookston Water Works Power and Light Company, from an order of the District Court of Polk County, *Frank Ives,* J., made December 4, 1893, denying its motion for a new trial.

On April 27, 1892, defendant entered into a contract with plaintiff, E. C. Davis, and Henry Nolan, by which they agreed to build a power house for it. On May 9, 1892, Davis and Nolan assigned this contract and all their rights thereunder to the intervenor, Hugh Thompson, he agreeing to assume and pay all claims for labor and material then due. Defendant was notified of such assignment and all payments thereafter made were made to him. Notwithstanding this assignment Davis and Nolan on February 4, 1893, made and filed a statement of lien in their own names and for their own benefit alleging that there was due them from defendant on the contract $7,052.27. On the same day Nolan assigned to Davis his interest in and to the lien and the claim thereby secured. On February 6,

1893, Davis commenced this action to foreclose this lien and demanded judgment against defendant for $7,052.27. Hugh Thompson intervened and asserted his rights under the assignment to him. The issues were tried August 7, 1893. Findings were made and judgment ordered for the intervenor.

Findings of facts, Nos. 17 to 21 inclusive and the third subdivision of the conclusions of law mentioned in the opinion, were in substance that Henry Nolan and the plaintiff, E. C. Davis, made and filed a lien statement claiming a lien for $7,052.27 upon the power house of defendant, that Nolan assigned his interest therein to Davis and Davis assigned the entire demand absolutely to the intervenor, Hugh Thompson. That the claim is a lien upon the power house and that the house and appurtenances should be sold by the sheriff to pay the debt.

*R. J. Montague* and *W. F. McNally*, for appellant.

*H. Steenerson*, for plaintiff Davis.

*E. M. Stanton*, for intervenor Thompson.

CANTY, J. This is an action commenced by plaintiff to foreclose a mechanic's lien. Plaintiff alleged that he and one Nolan entered into a contract with defendant to erect a power house for it at Crookston, and furnish a part of the material for the same; that they performed the contract, and filed the lien statement within the statutory time; and that afterwards Nolan assigned all his right and interest therein to plaintiff. The defendant answered, and, among other things, alleged that, before the commencement of this action, the plaintiff and Nolan assigned this claim and demand to Thompson, and that plaintiff had no right or interest therein. The answer did not allege that this assignment was made before the lien statement was filed.

Thompson intervened, and alleged an assignment to him by plaintiff and Nolan, before the completion of the work, of all the sums earned and to be earned by them under the contract, and demanded judgment in his favor for the sum claimed to be due. The cause was tried before the court without a jury. The court found for the intervenor, and ordered judgment declaring the sum found due a lien on the premises, and ordered the same to be foreclosed and sold

to pay such sum, and, from an order denying its motion for a new trial, plaintiff appeals.

1. On the trial a written assignment, absolute in form, to Thompson from plaintiff and Nolan, of all their right, title, and interest in the contract for the erection of the power house, was given in evidence. This assignment was made and dated soon after the work commenced, and long before it was finished.

It is contended by appellant that, after plaintiff and Nolan had assigned this contract, they could not make or file a statement of lien, and that they could not enforce any such statement made and filed by them, and that the making and filing of the same by them would not inure to the benefit of the assignee, Thompson; that an inchoate right of lien cannot be assigned, but that, if it can, the lien statement should be made by the assignee, and for his benefit, while this lien statement appears to be wholly for the benefit of the assignors.

It appeared by the evidence that the assignment was merely as collateral security to secure the repayment of money advanced by Thompson to plaintiff to enable him to carry on the work. This left sufficient interest in the plaintiff and Nolan to enable them to file the lien in their own names, and the benefit of it would inure to Thompson. On the same principle, plaintiff had sufficient interest in this controversy to commence this foreclosure suit in his own name. Thompson was a necessary party to it, and plaintiff's failure to make Thompson a party was cured by Thompson's own intervention.

It is also true that Thompson pleads an absolute assignment to himself of all sums earned, and to be earned, under this contract. Under this pleading, he could not, for the purpose of sustaining the lien statement filed by plaintiff and Nolan, prove that this assignment was merely for the purpose of security. But the failure to allege that the assignment was made merely for the purpose of security was cured by the evidence.

On the cross-examination of plaintiff as a witness on behalf of himself, it was brought out by the questions of defendant counsel and the questions of the court, without objection, that this assignment was given merely as security. Thompson also testified to the same effect, and his testimony on this point was objected to

as incompetent, and tending to contradict a written instrument, but not on the ground that it was inadmissible under the pleadings.

2. Neither was it incompetent as contradicting a written instrument. It is well established that an instrument absolute on its face may be shown to be intended merely as security for the payment of a debt.

3. The contract provided that Davis and Nolan should entirely complete the power house by August 1, 1892; that there should be deducted from the contract price $25 per day for every day thereafter that they were in default in completing the contract; and the contract further provided "that they shall assume all risks from floods or casualties of every description, and shall make no charge for detention from any cause, but that they shall be entitled in case of detention from any such cause to an extension of time for the completion of said work equal to the amount of such damages." In section 34 of the specification it is also provided that in such case the contractor "will be entitled to an extension of time equal to the amount of such detention for the completion of the work."

The work was not substantially completed until December 24, 1892, and appellant claims that it should be allowed the stipulated damages for all of this time. To excuse this delay, the plaintiff and intervener offered evidence to prove, and the court found, that defendant failed to furnish the contractors certain materials, which by the contract it agreed to furnish, at the time they were needed in the prosecution of the work, thereby delaying the completion of the building, and that alterations in the plans and specifications made by defendant, and other extra work ordered by defendant, further delayed the work, and that highwater, floods and other casualties further delayed the completion, and that, by reason of all of these causes, the completion was so delayed until December 24th as aforesaid.

We are of the opinion that there is sufficient evidence to sustain these findings, and that they are a sufficient defense to the claim for damages for the delay. Neither is it necessary to consider whether the evidence showing excuses for these delays was admissible under the pleadings. No such objection was made on the trial.

4. Neither was it error, as contended by appellant, for the court to refuse to permit it to prove its actual damages caused by this de-

lay.   If it was entitled to offset any damages, they were the stipulated damages of $25 per day, and not the actual damages.

5. There was also sufficient evidence to show that the contract was substantially performed, and that defendant waived a more complete performance.   But we are of the opinion that the findings of fact will not sustain a judgment declaring the sum found due to be a lien on the premises.

6. The court finds the assignment of the intervener, Thompson, to be an absolute assignment of all the money earned or to be earned under the contract, and not an assignment merely for the purpose of security, though the uncontradicted evidence showed it was for the purpose of security.   Whether such an inchoate right of lien is assignable it is not necessary to decide.   Neither is it necessary to decide whether such an assignee could file a lien statement in his own behalf.   In this case he has not done so.   The assignors, making such an absolute assignment of the money earned on the contract, would have no further interest whatever in the contract after they had performed it on their part, but would then be strangers to the claim, and could not invoke the statutory remedy to secure it any more than they could maintain an action to recover it, and could not on their own behalf file a statement of lien.   Whether they could file one on behalf of the assignee it is not necessary to decide. In such a case it would at least have to appear somewhere on the statement that it was so made on behalf of the assignee.   *Griffin* v. *Chadbourne*, 32 Minn. 126, (19 N. W. 647.)   It does not so appear in this case.   The court having found that the assignment of the claim was an absolute one, this necessarily renders void the lien statement found to have been made and filed by Davis and Nolan, and for this reason the order appealed from must be reversed in part.

The subdivisions of the findings of fact from Nos. 17 to 21, inclusive, are vacated, and so is the third subdivision of the conclusions of law, and a new trial is granted as to all the issues now in the case, or that may be made, except those covered by the other findings of fact.

So ordered.

BUCK, J., absent, sick, took no part.

### On Application for Reargument.

(June 28, 1894.)

CANTY, J. At the commencement of the trial of this action, plaintiff was sworn in his own behalf; and after he had testified at considerable length as to the failure of the defendant to furnish the material to be by it furnished under the contract, and the length of time he was delayed thereby in completing his contract, defendant's counsel objected to any testimony showing delay caused by the defendant, for the reason that the same is not pleaded. The objection was overruled. This was overlooked in writing the opinion, as it comes after so much of the evidence of that character had been received.

Laws 1889, ch. 200, § 10, provides that "all the allegations of each answer in such action shall be deemed to be controverted, as upon a direct denial or avoidance, as the case may require, without further pleading."

This clearly applies both to the answer of the defendant to the plaintiff's complaint, and also to the answer to the intervener's complaint. The defendant set up new matter in these answers, to which the two other parties failed to reply; but under this statute they had a right to avoid this new matter by their evidence, so the objection was not well taken.

The motion for a reargument is denied.

(Opinion published 59 N. W. 482.)