## C. T. HAMILTON v MATT WHITSON et al.
### No. 187.

1. ASSIGNMENT—*absolute on face, parol evidence admissible to show, made as security and that assignor still has interest.* It is competent to show by parol evidence that an assignment of an account, which appears upon its face to be unconditional and entire, is in fact only an assignment by way of security for an amount much less than the claim assigned, and that the assignor still has a right therein.

2. ——— *of mechanic's claim as security for lesser debt, assignor may still file mechanic's lien.* A mechanic who has erected upon real property a heating plant, the agreed price of which is thirteen hundred dollars, having made an assignment to a bank of such claim to secure a loan of two hundred dollars only, may under our statutes make and file a claim for a lien under the Mechanic's Lien Law notwithstanding such assignment.

3. ———*assignor may maintain action to foreclose lien, making assignee a party.* A mechanic or material-man, having made an

348       HAMILTON v. WHITSON.

N. Dept.       Opinion.   Mahan, P. J.       5 Kan. App.

assignment of his claim by way of security for a loan for an amount much smaller than the claim for which he is entitled to a lien, may, as plaintiff, maintain an action to foreclose the same, making the assignee a party defendant thereto.

4. ——— *and assignee's recovery should be the amount of secured debt unpaid at trial.* Upon the trial of such a case, the amount to be awarded to the assignee, in the determination of the respective rights of the assignee and the assignor, is the amount due at the time of the trial, giving credits for any payments that have been made after the action was begun.

5. MECHANIC'S LIEN — *purchaser in possession has sufficient ownership to support, although deed taken in another's name who is ignorant thereof, and undelivered.* One who buys land and pays therefor, getting the deeds therefor to be made in the name of another as trustee and in the name of his son, and who remains in possession and control of the property at all times thereafter until the completion of the improvements thereon made under a contract with him, has a sufficient ownership in such land to create a lien thereon for such improvements, as against his son to whom the deeds were never delivered, and who had no knowledge thereof until after such improvements were made.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed March 22, 1897. *Affirmed.*

*Bond & Osborn,* for plaintiff in error.

*Z. C. Millikin,* for defendant in error, Matt Whitson

MAHAN, P. J. Matt Whitson, one of the defendants in error, brought this action in the District Court of Saline County, to foreclose a mechanic's lien upon several contiguous lots in the city of Salina, and for a judgment against O. P. Hamilton for the amount due upon an account for steam-heating apparatus, set up in the property by the plaintiff under a contract with O. P. Hamilton, the owner of a part of the property at the time the contract was made. One of the lots in controversy, at the time the contract was made was the homestead of O. P. Hamilton and Delia Hamil-

HAMILTON v. WHITSON. 349

March 22, 1897. Opinion. Mahan, P. J. C. Div.

ton, his wife. C. T. Hamilton, the plaintiff in error, is a son of O. P. Hamilton. Leidigh & Havens claimed a lien upon the same property for lumber furnished. J. B. Hutchinson, as trustee for O. P. Hamilton, held title to a part of this property at the time the contract was made and during the time the improvements were being made. Jonathan and Frank Weaver, at the time the contract was made and during a part of the time in which the work was being done by Whitson, appeared by the records to be the owners of the property. The Salina State Bank held an assignment of the claim sued upon, to secure a small balance due to the Bank; the other parties were lien holders.

O. P. Hamilton and wife, Delia M.; the plaintiff in error; J. B. Hutchinson, trustee; and W. P. Pierce, filed a joint answer in which they, *first*, denied generally the allegations of the petition; *second*, denied that O. P. Hamilton was the agent of the other defendants concerning any of the matters alleged in the petition; *third*, alleged that the plaintiff was not the real party in interest because of the assignment to the Salina State Bank as collateral security for a loan, and that the Bank was, at the commencement of the suit, the owner of the account absolutely; and, *fourth*, as a plea in abatement, alleged the pendency of another action respecting the same matters. The plaintiff filed his reply to this answer in which he, *first*, denied each and every allegation therein contained, and, *second*, set out that the assignment referred to was given by him to the State Bank to secure a loan of two hundred dollars, that it had all been paid at the time of the commencement of the suit except about fifty-five dollars, and that it was agreed between himself and

350    HAMILTON v. WHITSON.

N Dept.        Opinion.   Mahan, P. J.        5 Kan. App.

the Bank that he should file the lien and do whatever was necessary to protect himself and the Bank.

A trial was had at the October term of the District Court and resulted in a finding and judgment of the court for the plaintiff. The court made the following special findings, and conclusions of law :

"1. That the lots described in the plaintiff's petition lie together in one tract of land, and are numbered from north to south in the order mentioned in said petition, and each of said lots is 205 feet in length east and west, and fifty feet north and south.

"2. That the defendant, Delia M. Hamilton, nee Delia M. Gould, for more than ten years last past has been the wife of the defendant O. P. Hamilton, and that the defendant C. T. Hamilton is the son of said O. P. Hamilton.

"3. That on the twenty-eighth day of May, 1891, Amanda Kessler, a widow, executed and delivered to J. B. Hutchinson, trustee, her warranty deed conveying her interest in said lots sixty and sixty-two, subject to certain mortgages mentioned in said deed.

"4. That on the fifth day of December, 1892, said defendant, J. B. Hutchinson, and wife, and J. B. Hutchinson, trustee, conveyed by warranty deed all their interest in said lots sixty and sixty-two to said C. T. Hamilton.

"5. That on the sixteenth day of September, 1887, Enoch White and wife, by warranty deed, conveyed all their interest in said lot sixty-four and the north half of lot sixty-six to Jonathan and Frank L. Weaver, subject to a certain mortgage described in said deed.

"6. That on the twenty-sixth day of April, 1891, said Jonathan and Frank L. Weaver and their wives, by warranty deed, conveyed all their interests in said lot sixty-four and the north half of lot sixty-six to said C. T. Hamilton.

"7. That on the sixteenth day of January, 1892, Charles E. Tressin and wife, by warranty deed, conveyed all their interest in the south half of lot sixty-six to said Delia M. Hamilton.

"8. That on the twelfth day of July, 1870, William H. Gilmore conveyed, by warranty deed, all his interest in said lot sixty-three to said Delia M. Gould.

"9. That on the twenty-seventh day of June, 1892, said O. P. Hamilton and wife, by warranty deed, conveyed to said C. T. Hamilton all their interest in said lot sixty-eight and the south half of said lot sixty-six.

"10. That no consideration was paid by the said C. T. Hamilton for any of the deeds hereinbefore mentioned, or the lands therein described, and that he did not know, before the trial herein, that the said lots sixty, sixty-two, sixty-four, and the north half of said lot sixty-six, had been conveyed to him ; the consideration for said deeds to C. T. Hamilton as grantee, was paid by his father, O. P. Hamilton.

"11. During the summer of 1891, the said O. P. Hamilton determined to repair and improve certain buildings then on said lots and to erect others thereon, for the purpose of using such buildings as a sanitarium ; at that time there was a dwelling house on said lots sixty and sixty-two, and also a dwelling house on said lot sixty-eight and the south half of said lot sixty-six in which said O. P. Hamilton and family lived, and they continued to reside there until about August, 1892, when they moved to a house situated on an adjoining block.

"12. In July, 1891, and in pursuance of said determination, said O. P. Hamilton commenced the erection of a building on said lot sixty-four and the north half of said lot sixty-six, which he completed in the spring of 1892, with the exception of the heating apparatus hereinafter mentioned.

"13. On the first day of September, 1891, it was agreed between the plaintiff and the said O. P. Hamilton, that the former should put in a steam-heating plant in the three buildings hereinbefore mentioned, and that the latter, said O. P. Hamilton, would pay therefor the sum of $1,370 ; the goods to be used in said plant, with the value of the items, were described in a written memoranda then made by them, and it was also as a part of said agreement stipulated that the engine for said plant should be put into the

352          HAMILTON v. WHITSON.

N. Dept.          Opinion.  Mahan, P. J.          5 Kan. App.

middle building, and the pipes extended from it to the two other buildings.

"14. That the said plaintiff commenced putting in the said steam-heating plant during the fall of 1891, and completed it according to said agreement, about the first day of December, 1892.

"15. That on the twenty-third day of August, 1892, the plaintiff executed and delivered to the defendant, the Salina State Bank, his promissory note for $204, payable in sixty days, with ten per cent. interest from its maturity, and to secure the payment of said note said plaintiff then assigned in writing his claim against said O. P. Hamilton, under said agreement, which security was accepted by said Bank, and it was agreed between said Bank and the plaintiff that plaintiff should perfect a mechanic's lien in connection with the claim so assigned; that on the thirtieth day of December, 1892, plaintiff perfected said lien, as alleged in his petition; that the plaintiff went on and collected on said lien from the said O. P. Hamilton and applied the same on said note, and the said Bank never attempted to collect the same on said lien.

"16. That during the time said plaintiff was putting in said steam-heating plant said O. P. Hamilton had possession and control of all said lots, and the defendants, C. T. Hamilton and Delia M. Hamilton, knew that the plaintiff was doing such work at the time it was being done.

"17. That on the sixth day of January, 1893, the plaintiff and said O. P. Hamilton had an accounting under their agreement — made September 1, 1891 — and it was then found and agreed by them that there was due the plaintiff from said O. P. Hamilton the sum of $1,156.68, of which sum there is now due $1,140.

"18. That at the time this action was commenced there was then due on the note for $204, the sum of $130, and there is now due from the plaintiff to the said Salina State Bank, on said note for $204, the sum of thirty-five dollars.

"19. That the deeds hereinbefore mentioned were filed for record in the office of the register of deeds

HAMILTON v. WHITSON.                353

March 22, 1897.      Opinion.   Mahan, P. J.              C. Div.

of said county of Saline, as follows : The one in paragraph No. 3, June 23, 1891; the one in paragraph No. 4, on the sixth day of December, 1892; the one in paragraph No. 5, September 17, 1887; the one in paragraph No. 6, on the twelfth day of January, 1893; the one in paragraph No. 7, ———; the one in paragraph No. 8, on the twenty-fifth day of October, 1870; the one in paragraph No. 9, the first day of July, 1892.''

CONCLUSIONS OF LAW.

'' 1. That the plaintiff is entitled to recover in this action against the defendant, O. P. Hamilton, a judgment of $1,140, and costs of suit.

'' 2. That the plaintiff is entitled to a mechanic's lien upon all of said lots for the amount of $1,140, due him from said O. P. Hamilton, and to a decree foreclosing said lien and a sale of said lots thereunder.

'' 3. That the said Salina State Bank is entitled to a lien upon said judgment and decree, to secure the payment of the said sum of thirty-five dollars, due it from the plaintiff, and ten per cent. interest thereon until paid.''

The defendants, O. P. Hamilton, Delia Hamilton, and W. P. Pierce, and the plaintiff in error, Charles T. Hamilton, joined in a motion for a new trial, which was denied; and thereupon the court made the following additions, by way of amendment, to its findings :

'' That the plaintiff went on and collected on said claim from said O. P. Hamilton and applied the same on said note, and that the said Bank never attempted to collect on said claim.

'' That at the time this action was commenced there was due on the note for $204, the sum of $130.''

The court rendered judgment for the plaintiff Whitson and against the defendant O. P. Hamilton for the sum of $1,145, and for the defendants Leidigh & Havens, $404, and ordered and adjudged that in

354 HAMILTON v. WHITSON.

N. Dept. Opinion. Mahan, P. J. 5 Kan. App.

case said defendant O. P. Hamilton failed for sixty days to pay said judgment, interests and costs, the property should be sold and the proceeds applied as follows : That the proceeds of the sale of lots 60, 62, the south half of lot 66 and all of lot 68, after the payment of costs, should be first applied to the payment of thirty-five dollars, which the court found to be due to the Salina State Bank as a balance of the loan for which the account of the plaintiff had been assigned to said Bank, and the residue to the plaintiff's claim ; and that the proceeds of lots 64 and 66 be divided *pro rata* between the balance of the plaintiff's claim, if anything was left unpaid, and the claim of Leidigh & Havens.

The contentions of the plaintiff in error are : *First,* that the court erred in overruling the demurrer to the plaintiff's evidence ; *second,* that the court erred in rendering judgment for the foreclosure of the mechanic's lien filed by Whitson ; *third,* that the court erred in rendering judgment that the proceeds of the sale should be applied to the payment of the amount due to the Salina State Bank from Whitson ; *fourth,* that the court erred in holding that the extent of the interest of the Salina State Bank was the amount due to it at the time of the trial ; *fifth,* that the court erred in overruling the motion of the plaintiff in error for a new trial.

The first contention is grounded upon the assignment by Whitson to the State Bank, and the plea that Whitson was not the real party in interest. Had this been an action simply upon the account of Whitson to recover against O. P. Hamilton the amount due thereon, without making the Bank a party defendant, the contention would doubtless be correct upon the authorities cited

1. Parol evidence admissible to show what.

by counsel in their brief; but such is not the case.
While it is true that the assignment transferred to the
Bank the legal title to the chose in action, there yet
remained in the plaintiff Whitson an equity, which
was in amount largely in excess of any right of the
Bank under that assignment; and, the
Bank being before the court and being
concluded by the judgment, no wrong
could possibly result to the plaintiff in error or any
other party to the suit, nor did any such wrong result
therefrom.

3. Assignor of mechanic's claim may maintain action, when.

The second contention is based upon the same
ground, and is, in effect, that because of the assign-
ment of this account as security for this loan, the
plaintiff Whitson was not the proper party to file a
statement for a lien, and that only the Bank itself, the
assignee, could file such a statement.   We are referred,
in support of this contention, to paragraph 4736,
General Statutes of 1889, being section 633 of the Code
of Civil Procedure.    This section simply provides
that claims for liens, and the right to en-
force the same under the mechanic's lien
law, shall be assignable so as to vest in
the assignee all rights and remedies given by the act,
subject, however, to such defense as might have been
made against the assignor; and then provides how
such an assignment shall be made.   But there is no
pretense in this case that Whitson assigned all his in-
terest in that lien.   The effect of the assignment was
only to carry to the Bank an amount necessary to
reimburse it for the loan it had made, and not-
withstanding this qualified assignment, although
general on its face, there remained in Whitson an
interest — a right sufficient to permit him to file the
statement for a lien under paragraph 4734, General

2. Assignor may file mechanic's lien, when.

Statutes of 1889, being section 631 of the Code. *Davis v. Crookston W. P. & L. Co.*, 57 Minn. 402, 59 N. W. Rep. 482.

It is also contended under the second assignment, that the plaintiff could have no lien upon the property for the reason that C. T. Hamilton was the owner thereof at the time the plant was put in, and that O. P. Hamilton who made the contract had no authority to charge the premises with the burden of these improvements. While it is true that some deeds had been executed which purported to convey the title of this property to C. T. Hamilton, yet none of them were ever delivered to him; and, in fact, as found by the court, he did not even have any knowledge of them; and none of them were recorded, showing any title in him, until long after this work had been performed. The contractor, O. P. Hamilton, according to the findings of the court, was in possession of the property at the time the work was being performed, controlled the purchase of the property, gave directions about the execution of the deeds, had them held by the trustee, Hutchinson, for his own use, without any knowledge on the part of Whitson; and C. T. Hamilton, as found by the court, is not a purchaser for value, but a volunteer, who had no knowledge himself of any claim to the property, and, in fact, had no title to the property in law until after this work was well under way and almost completed. To sustain the contention of plaintiff in error in this regard would be to permit the plaintiff in error to commit upon Whitson and the other lien holders in this case a gross fraud. It is true that the legal title to one of the lots which had been occupied as a homestead by O. P. Hamilton and his wife, was in the wife at the time the contract for some of the improve-

5. Sufficient ownership to support lien, what is.

ments was made.   Prior to the contract for the heating plant, she had executed a deed naming C. T. Hamilton as grantee ; but this deed was not delivered nor recorded until long after the contract was made and the performance of the work begun.   O. P. Hamilton bought this property and paid for it ; he was in possession of it at all times ; and while there were deeds in existence purporting on their face to convey this property to the plaintiff in error, yet it is apparent from the evidence and the findings of the court that these deeds were never delivered until long after the furnishing of this heating plant.

We can find no error in the form of the judgment with respect to the rights of the Bank.   There was nothing in the form of the judgment that was prejudicial to the rights of the plaintiff in error.   The Bank had a lien upon the fund and the court awarded that lien by its decree.

Referring to the fourth assignment of error, the conclusion of the court was correct as to the amount due to the Bank at the time of the trial being the amount it had the right to recover — not from Hamilton in addition to the judgment from Whitson, but from the proceeds of the sale under the Whitson lien ; that is the purport and effect of the decree.   It is impossible for the plaintiff in error to suffer any injury therefrom and he has no right to complain.

4. Assignee's recovery, what should constitute.

There being no error in the proceedings of the court prejudicial to the rights of the plaintiff in error, and the findings of the court being sufficient to sustain its conclusions of law, it follows that there is no merit in the fifth assignment of error and that the court did not err in overruling the motion for a new trial.

Justice as well as the law demand that the judgment should be affirmed.