## J. F. ANDERSON LUMBER CO. v. SPEARS et al.

An objection to a complaint that it does not state a cause of action, taken at the trial, no demurrer having been interposed, is not favored, and all inferences that can properly be drawn will be indulged in support of the pleading.

Under an allegation, in a complaint to recover for building material sold and to subject premises to the payment of the amount recovered, that defendant purchased the premises and for convenience caused the same to be deeded to a third person, it will be presumed, upon objection to the complaint at the trial, that, as defendant purchased the property, he paid the consideration therefor, and therefore became the equitable owner under Civ. Code, § 303, providing that, when a transfer is made to one person and the consideration paid by another, a trust is presumed to result in favor of the latter.

A person who has paid the consideration for land, though it is deeded to another, is the "owner" thereof, within Code Civ. Proc. § 696, giving a lien for labor or material furnished under a contract with the owner.

(Opinion filed, June 18, 1910.)

Appeal from Circuit Court, Davison County, HON. FRANK B. SMITH, Judge.

Action by the J. F. Anderson Lumber Company against James Spears and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

*T. J. Spangler,* for appellants. *A. E. Hitchcock,* for respondent.

CORSON, J. This action was instituted by the plaintiff to recover judgment against James Spears, the defendant, for building material sold to him by the plaintiff, and to subject a certain lot and improvements thereon, in the city of Mitchell, to the pay-

ment of the amount of said judgment. Findings and judgment being in favor of the plaintiff, the defendants have appealed from the same, and from the order denying a new trial.

The complaint is in the usual form, and the sixth allegation of the complaint is as follows: "That at the times hereinbefore indicated, at which the plaintiff furnished the said building material to the defendant, the said defendant, James Spears, was the owner of said premises and in possession thereof. That on or about the 12th day of January, 1899, the said James Spears purchased said premises of Isaac Spears. That for the convenience of himself the said James Spears caused said property at the time of said purchase to be deeded to Frank Spears, who was then a minor. That said Frank Spears at no time had any interest in said property, and the said James Spears was the exclusive owner thereof." And the plaintiff demands judgment against the said James Spears for the amount so claimed, and that the same be adjudged to be a lien upon the premises described in the complaint. Two questions only are presented and discussed in defendants' brief, viz: (1) The alleged error of the court in overruling defendants' objection to the introduction of evidence under the complaint. (2) That the court erred in denying defendants' motion, at the close of plaintiff's evidence, for a dismissal of the action as to all of the defendants.

At the commencement of the trial the defendants objected to the introduction of any evidence on the part of the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action. It is contended by the defendants and appellants that the complaint fails to state a cause of action, in that it affirmatively appears from the sixth paragraph of the complaint that Frank Spears was the legal owner of the property sought to be charged with the lien, and that the allegations in the complaint show that the contract was made personally with the defendant James Spears, who was not the owner of the premises, and that it was not shown that the said James Spears had authority as the agent of the defendant Frank Spears, to

enter into the contract with the plaintiff, entitling the plaintiff to any mechanic's lien upon the said property for the materials so furnished by it to the said James Spears. The objection of the defendants to the evidence offered on the part of the plaintiff under the complaint was overruled by the court, and the appellants contend that for the error in so overruling the objection the judgment in this case should be reversed. It will be observed, however, that it is alleged in the paragraph referred to that the defendant James Spears is the owner of the lot on which the material was used; that the said James Spears had purchased said property from Isaac Spears, and that for the convenience of the said James Spears the property was deeded to Frank Spears, who was then a minor. We are of the opinion that the complaint is sufficient, as against an objection made at the trial that the same did not state facts sufficient to constitute a cause of action. Courts do not favor objections to complaints as not sufficiently stating a cause of action, taken at the time of the trial, where no demurrer has been interposed thereto previous to the trial; and hence all inferences that can properly be drawn from the complaint to support the same will be indulged in. McCormick Harvester Co. v. Faulkner, 7 S. D. 363, 64 N. W. 163, 58 Am. St. Rep. 839; Johnson v. Glidden, 11 S. D. 237, 76 N. W. 933, 74 Am. St. Rep. 795; Stutsman Co. v. Mansfield, 5 Dak. 78, 37 N. W. 304; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Strait v. City of Eureka, 17 S. D. 328, 96 N. W. 695. In the latter case this court, in discussing a similar objection, says: "One who pleads to the merits, and goes to trial without demurring, greatly impairs his right to question the sufficiency of the facts stated in a complaint by objecting to the introduction of any evidence. It is only when a pleading is incapable of being made good by amendment that the court should entertain the objection here relied upon. * * * To sustain a complaint first objected to at the trial on the ground that facts sufficient to constitute a cause of action are not stated, this court will indulge every reasonable presumption."

It will be noticed that it is alleged that James Spears purchased said premises, and that for convenience of himself he caused said property at the time of said purchase to be deeded to Frank Spears. Clearly, therefore, under this allegation in the complaint, the court would presume, upon an objection to the complaint made at the trial, that as James Spears purchased the property he paid the consideration therefor, and therefore, under the provisions of section 303 of the Civil Code, became the equitable owner of the same. That section reads as follows: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." While, therefore, the legal title was, under the allegations of the complaint, in Frank Spears, the equitable title to the property was in James Spears, and he was, therefore, properly alleged to be the owner of the same within the meaning of section 696 of our Code of Civil Procedure, which provides that a contract for the furnishing of material, in order to subject property to the enforcement of a mechanic's lien, must be made with the owner or his agent. That section reads as follows: "Every mechanic or other person who shall do any labor upon or furnish any material  *  *  *  for any building  *  *  *  by virtue of any contract with the owner, his agent," etc. The term "legal owner" is not used in the section, and hence a contract made with the equitable owner, though the legal title may stand in the name of another, is a compliance with the provisions of the Code. The contention, therefore, of the appellant, that as the legal title was in Frank Spears the plaintiff could not subject the property to the payment of its claim, cannot be sustained. Clearly, therefore, as against the objection made at the trial, the complaint stated facts sufficient to entitle the plaintiff to its lien upon the property for the material furnished.

At the conclusion of plaintiff's evidence the defendant moved for a judgment of dismissal of the case, for the reason that the plaintiff had wholly failed to prove that the defendant James Spears was the owner of the lot upon which the lien was claimed,

and for the further reason that the undisputed evidence in the case shows that the title to the property in controversy was in Frank Spears, and not in James Spears; and that the plaintiff has wholly failed to prove a cause of action against the defendants, or either of them. This motion was denied, and the defendants excepted. The witness Isaac Spears, on the part of the plaintiff, being shown the deed from himself to Frank Spears, testified in substance as follows: "I am the same Isaac Spears mentioned in that deed as grantor. I remember the transaction involved in that deed. * * * I had this transaction with my father, James Spears, and my mother. He just bought the lot from me, and paid me for the lot. I have forgotten what he paid me. He paid me money. Q. How did you come to make this deed in Frank's name? A. Why, he wanted Frank to have some property. I was going to sell it to him, and he bought it for Frank Spears. Frank Spears, at the time, was two or three years of age." In speaking of the house in which the lumber was used, he testified: "I seen part of it when it was being completed. The old lumber was used there. The old lumber that was used there, I think, came from an old building. I believe he tore down an old building. I can't tell where it was situated. I remember he tore down an old building, and put it into the house, and he had it nearly or partly completed with that." It will thus be seen that the title to the property, though vested in Frank Spears, was purchased and paid for by James Spears. James Spears, having purchased the property from his son, Isaac Spears, and paid him for the same, became, under the provisions of section 303 of the Civil Code above quoted, the equitable owner of the property. We are of the opinion therefore, that the trial court was right in denying the defendants' motion for a dismissal of the action on the ground that the evidence was insufficient to sustain plaintiff's lien for the material furnished James Spears upon said lot and the improvements thereon. The statement of Isaac Spears that he sold the lot to his brother Frank Spears, who was then a minor two or three years of age, is a mere conclusion of the witness, and the facts as stated by him show that the sale was in

fact made to the defendant James Spears, with whom he had the transaction, and who paid him the purchase price therefor. 27 Cyc. 53; 20 Am. & Eng. Ency. of Law, 303; Hamilton v. Whitson, 5 Kan. App. 347, 48 Pac. 462; Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725; Carpenter v. Leonard, 5 Minn. 155 (Gil. 119); Atkins v. Little, 17 Minn. 342 (Gil. 320).

The court's sixth finding of fact is as follows: "That at the times hereinbefore indicated at which the plaintiff furnished the said building material to the defendant, and at the present time, the said defendant James Spears was and is the owner of said premises and in possession thereof." We are of the opinion that this finding is fully sustained by the evidence, and that the court's conclusions, from its findings, "that the plaintiff is entitled to a personal judgment against said defendant James Spears for the amount due upon said purchase of such material, together with the costs of the action, and that the plaintiff is entitled to a decree foreclosing said mechanic's lien, and directing that said premises be sold according to law for the satisfaction of said lien," was clearly correct.

The judgment of the circuit court, and order denying a new trial, are affirmed.