HULM, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

(171 N. W. 210).

(File No. 4470.  Opinion filed March 12, 1919.  Rehearing denied. June 3, 1919.)

1. **Negligence—Injury in Unblocked Frog—Alleged Railway Sub-employee—Instructions on Plaintiff's Theory—Basis of Recovery.**

    Where plaintiff plead that while employed and under direction of an employee of defendant railway company, his foot caught in a frog negligently allowed to remain unblocked, and while he was in full view of defendant's servants in charge of a train they negligently drove it over and upon him, therein negligently failing to use ordinary care in keeping a reasonable lookout upon the track; trial court evidently being of opinion that the evidence as to plaintiff's being such employee was insufficient to go to jury, and submitted case on theory that defendant was liable if its servants failed to keep such lookout as circumstances required and to use reasonable care and prudence after defendant's presence was discovered; held, that under such instructions, plaintiff's right to recover was predicated on a finding that the accident occurred as claimed by plaintiff, and that he used the efforts he claimed to have used to extricate himself and to attract attention of train crew.

2. **Pleadings—Negligence—Objection to Evidence for Insufficient Complaint—No Demurrer, Complaint Held Good.**

    Where plaintiff plead that he was personally injured by defendant's railway train negligently run upon him while his foot was caught in a frog which had been carelessly allowed to remain unblocked, and that defendant's servants negligently failed to use ordinary care in keeping reasonable lookout upon the track, thereby failing to see plaintiff in time, held, the complaint was good as against the objection to introduction to evidence thereunder, in absence of a demurrer.

3. **Evidence—Negligence—Injury to Alleged Employee—Improper Evidence, Submitting Case on Theory of Employment as Immaterial, Curative Effect.**

    Where, in a suit for injury from defendant railway company's negligence, defendant's assignment of error on appeal was directed to ruling on evidence bearing on question of plaintiff's alleged employment and defendant's alleged negligence, held, that any error committed in receiving such evidence was cured by court's submitting case on a theory rendering question of employment and condition of a rail frog immaterial.

4. **Negligence—Evidence, Non-conformity of to Pleadings, Not Raised—Motion for Verdict.**

Where, in a suit to recover for injury to plaintiff by defendant's railroad train, the evidence was ample to support a verdict for plaintiff, and defendant's motion to direct verdict in its favor, did not deny court's right to submit case because evidence did not conform to pleadings, the question raised was, not whether facts sustained complaint, but whether evidence sustained a cause of action.

5. **Negligence—Refusal of Instruction for Insufficient Evidence as Basis, Non-prejudicial Error.**

In a suit for damages for negligence, where trial court refused an instruction probably correctly stating the law applicable to theory of complaint, because trial court was of the opinion that there was insufficient evidence to warrant submitting it to jury, such ruling was equivalent to a direction in favor of appellant upon any issues as to such facts; of which appellant cannot complain; no complaint having been made because of submission of case to jury upon a theory variant from pleadings.

6. **Appeal—"Giving Instructions Requested by Plaintiff," Futility of Assignment of Error.**

An assignment, and presumably a specification of error, that "court erred in giving instructions requested by plaintiff," presents nothing on appeal; it failing to point out instructions complained of and wherein they were erroneous.

7. **Appeal—Error—Negligence—Whether Trainmen Should Expect Presence of Persons on Track, Evidence Presenting Question—Proper Instructions.**

In a suit to recover for negligently injuring plaintiff while his foot was caught in an unblocked frog, held, that, the evidence fairly presenting question whether defendant's trainmen had reason to expect presence of persons on the track at the point of the accident, the evidence justified instruction as to duty of trainmen to keep reasonable lookout to discover persons on track, and that if defendant's servants failed to keep a lookout or to prevent the accident after discovering perilous position of plaintiff, he was entitled to recover.

8. **Negligence—Instruction Defining Care Required Toward Non-employee—No Pertinent Exception, Nor Assignment of Error, Effect.**

Where error was assigned in not defining care required toward plaintiff, "he not being an employee of defendant," and for instructing that it was defendant's duty to use reasonable and ordinary care to provide a safe place in which to work, "this being full duty of defendant toward an employee," held, there being no exception to instructions which could be held to point out any part of them to which said assignment would or could apply, such assignments of error are ineffectual.

9.   Appeal—Sufficiency of Evidence in Light of Instructions—Neg-
        ligence—Appellant's Wrong Assumption Re Evidence, Effect.
          Where, upon appeal by defendant in a suit for damages for
        personal injury, the evidence to support verdict is ample when
        considered in light of instructions, it will be affirmed as against
        appellant's contention that the evidence as to manner in which
        plaintiff's foot was caught and held in a rail frog, was irrecon-
        cilable with established facts; there being no evidence that
        respondent's toes were under the bolts of such rail, as contend-
        ed by appellant.

Appeal from Circuit Court, Brown County.   Hon. Thomas
L. Bouck, Judge.

Action by Rochus Hulm, against the Chicago, Milwaukee &
St. Paul Railway Company, a corporation, to recover damages
for personal injury.   From a judgment for plaintiff, and from an
order denying a new trial, defendant appeals.   Affirmed.

*Porter & Grantham,* for Appellant.

*Geo. H. Fletcher,* for Respondent.

(2) To point two of the opinion, Respondent cited:

Johnson v. Burnside, (S. D.) 52 N. W. 1057.

(9) To point nine, Appellant cited:

Wagner v. C. B. & Q. R. Co. (Mo.), 133 S. W. 68; Hudson
v. Rome W. & O. R. Co. (N. Y.), 40 N. E. 8.

WHITING, J.   Action to recover damages for personal in-
juries; verdict and judgment for plaintiff; and appeal from judg-
ment and order denying a new trial.

[1] Respondent pleaded that, while working in the employ
and under the direction of an employee of appellant and at appel-
lant's business, he caught his foot in a frog on appellant's tracks,
which frog had been carelessly and negligently allowed to remain
unblocked; that while he was so caught in such frog, and while
he was in full view of appellant's agents and servants in charge
of a train, such agents and servants negligently drove said train
over and upon him; that, while he was so caught in
such frog, the agents and servants of appellant · negligently
failed to use ordinary care in keeping a reasonable lookout
upon said track, and, because of such negligence, failed to see re-
spondent and negligently drove said train over and upon him; and
that respondent suffered an injury and damages.   Evidently the
trial court was of the opinion that the evidence on the question
of respondent's being an employee of appellant was wholly in-

sufficient to go to the jury. It submitted the case upon the theory —not that appellant was liable if it negligently left the frog unblocked—but that it was liable if appellant's agents and servants failed to keep such a lookout as the circumstances of time and place required, and through such failure, or through failure to use reasonable care and prudence after respondent's presence was discovered, run the train upon and over plaintiff. Under the court's instructions, respondent's right to recover was clearly predicated upon the jury's finding that the accident occurred exactly as claimed by respondent and that respondent used the efforts, which he claimed to have used, to extricate himself and to attract the attention of the train crew.

[2] Appellant assigns error in the overruling of its objection to the receipt of any evidence, and contends that the complaint failed to state facts sufficient to constitute a cause of action. The complaint was clearly good as against the objection of its insufficiency not raised by demurrer. Strong v. Schaffer, 39 S. D. 250, 163 N. W. 1035; Anderson L. Co. v. Spear, 25 S. D. 624, 127 N. W. 643.

[3] Several assignments of error are directed to rulings on evidence bearing on the question of respondent's alleged employment and appellant's alleged negligence in not blocking the frog. If any error was committed in receipt of such evidence, it was cured by the court's submitting the case on a theory under which both the question of employment and of condition of frog became immaterial.

[4] Appellant assigns error in the court's refusal to direct a verdict. There was ample evidence to support a verdict for respondent, and the motion in no manner questioned the right of the court to submit the case because the evidence did not conform to the pleadings. It was merely a question, not of whether the facts proven sustained the complaint, but whether there was evidence of facts which were sufficient to establish a cause of action.

[5] Appellant asked for an instruction which was probably a correct statement of the law applicable to the theory upon which the complaint was framed. This was refused. It is clear that this was refused, not because it was not a correct statement of the law applicable to the facts pleaded, but because the court was of the opinion that there was insufficient evidence to warrant sub-

mitting such facts to the jury. In other words, it was equivalent to a direction in favor of appellant upon any issues as to such facts; of this appellant cannot be heard to complain.

Appellant made no complaint whatever because the court submitted the case to the jury upon a theory not covered by the pleadings, but does assign as error the correctness of instructions given at respondent's request and instructions given of the court's own motion.

[6] One assignment of error, and therefore we presume one specification of error, was:

"The court erred in giving instructions requested by plaintiff."

It will be noted that this assignment in no manner points out the instructions complained of; neither does it point out wherein they were erroneous. Such an assignment of error presents nothing to this court. Reeves v. Nat. Fire Ins. Co., 170 N. W. 575.

[7] Appellant, in one assignment of error, says:

"The court erred in instructing the jury as to the duty of the trainmen to keep a reasonable lookout to discover persons on the track, and in instructing the jury that if the servants of the defendant failed to keep a lookout, or failed to prevent the accident after discovering the perilous position of the plaintiff, the plaintiff were entitled to recover."

The evidence was such as to fairly present the question of whether appellant's trainmen had reason to expect the presence of persons on the track at the point where this accident occurred. This evidence justified the above instruction. Eppstein v. Missouri Pac. Ry. Co., 197 Mo. 720, 94 S. W. 967.

[8] In another assignment of error appellant says:

"The court erred in defining the care required toward the plaintiff, he not being an employee of the defendant, in effect instructing the jury that it was the duty of the railway company to use reasonable and ordinary care to provide a safe place in which to work; this being the full duty of the defendant toward an employee."

[9] There was absolutely no exception to instructions taken which, by any stretch of imagination, could be held to point out any part of the instructions to which the above assignment would

apply; furthermore there was no instruction to which such assignment could fairly be held to apply.

The evidence is ample to support the verdict when such evidence is considered in the light of the instructions. Appellant apparently concedes this to be true, unless the claims of respondent as to the manner in which his foot was caught and held are absolutely inconsistent with, and irreconcilable with, the established physical facts. Appellant's whole argument on this point is premised upon the assumption that respondent's evidence shows that his toes were underneath the balls of the two rails of the frog. Starting from such premise he argues that it would have been a physical impossibility for respondent to have received the injury he did and yet receive no further injury. There is absolutely no evidence that respondent's toes were under the balls of such rails. There is evidence showing that the heel of the shoe was caught, but nothing to show but that the toe of the shoe was above the rails.

The judgment and order appealed from are affirmed.