## PARKER v WHEELER et

Ohio Appeals, 3rd Dist, Logan Co

No 826. Decided July 26, 1933

Lippincott & Lippincott, Lima, for plaintiff.

J. K. Rockey, Lima, for defendants.

## OPINION

By GUERNSEY, J.

For the relief which the defendant Rockey asks as against the plaintiff, he relies upon the following equitable principle:

"The equitable remedy on marshaling securities, with that of marshaling assets, depends upon the principle that a person having two funds to satisfy his demands shall not, by his election, disappoint a party having but one fund. The general rule is, that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only,—as, for example, where a mortgagee holds a prior mortgage on two parcels of land, and a subsequent mortgage on but one of the parcels is given to another,—the former must seek satisfaction out of that fund which the latter cannot touch."

Pomeroy's Equity Jurisprudence, Vol. 5, Page 5078, §2288.

There are, however, important exceptions to this equitable principle, among which are the following:

"Relief will not be given if it will delay or inconvenience the paramount encum-

brancer in the collection of his debt, or prejudice him in any manner; for it would be unreasonable that he should suffer because someone else has taken imperfect security. Thus, relief has been denied where the fund to be resorted to is dubious or one which might involve the creditor in litigation; and a mere personal remedy has been held insufficient to warrant interference."

Pomeroy's Equity Jurisprudence, Vol. 5, Page 5080, §5081.

Palmer v Snell, 111 Ill., 161.

The case of Palmer v Snell, above referred to, is quite similar to the instant case. In that case, a person holding a mortgage on a number of tracts of real estate, brought an action to foreclose the same. One of the defendants who had purchased one of the tracts covered in the mortgage subsequent to the execution of the mortgage, asked that the plaintiff be required to bring suit against another transferee of a tract covered by said mortgage, on the agreement of said transferee to assume and pay such mortgage, before resorting to the property of such defendant for the satisfaction of such mortgage. In that case, on pages 166 and 167 of its opinion, the court held that the rule invoked which compels a first resort to a particular one of two funds for a creditor's benefit, can reach but one of them, would not be applied in that case so as to require, first, the exhaustion of the personal remedy against the transferee. The court, in its opinion, further states that:

"This rule will not be enforced whenever it will trench upon the rights or operate to the prejudice of the party entitled to the double fund. The mortgagee's right to a prompt foreclosure of his mortgage is not to be impeded by compelling a first resort to any personal remedy the mortgagee may have."

In **Volume 26, Ohio Jurisprudence,** at page 100, it is stated:

"In order that the doctrine of marshaling assets may be applicable, the senior creditor must have a lien in the several funds out of which payment is to be made. These **several funds must be the property of the common debtor, tangible in form, and not a mere chose in action."**

and at page 102 of the same volume, it is stated that:

"It is indispensible to the maintenance of a bill to marshal assets that the creditor have a **lien on the several funds out of which payment is to be made. He cannot be driven to seek payment out of assets upon which he has no lien,** nor is there, even as against the debtor, any equity, cognizable by a chancellor, upon which to found a decree to that effect."

In the instant case, the relief sought by the defendant Rockey would delay and inconvenience the plaintiff who is the paramount encumbrancer, in the collection of her debt and would prejudice her by involving her in litigation in an endeavor to collect from sources other than the mortgaged property itself, and would also compel the plaintiff to resort to a mere personal remedy, each and all of which conditions, as above set forth. will prevent the application of the equitable principle relied on by defendant Rockey.

It is one of the elements in the application of this principle, that in order to obtain relief, both funds must belong to one debtor and the senior creditor must have a lien on both funds. In the case at bar, the real estate security was the property of Charles E. Wheeler, and the other property which the defendant Rockey seeks to compel the plaintiff to pursue, is the property of Charles A. Wheeler, upon which the senior creditor does not have a lien, so that the case does not present facts in which the equitable principle above mentioned, can be applied.

This case is strictly an equitable action for foreclosure and no money judgment is asked. Consequently, the statutes with reference to the rights of sureties in the rendition of judgments against them and their principals, do not apply.

Neither does the decision in the case of **Eckert v Meyers, 45 Oh St, 530,** apply to the instant case, as the decision in that case is based on the rights of a surety himself and not on the rights of a creditor of a surety.

The defendant Rockey was not a surety of Charles E. Wheeler, the owner of the real estate upon which foreclosure is sought, and consequently does not come within the protection of the statute. The defendant Rockey is only a creditor of the surety.

The right of a surety for exoneration against his principal, is a personal right and not a right to which a creditor is entitled to be subrogated. Any right Charles E. Wheeler had as surety of Charles A. Wheeler for exoneraton or otherwise, can be exercised only by the executor or administrator of Charles E. Wheeler and for the benefit of all persons interested in his es-

tate, whether as devisee, heirs or creditors, and cannot in any event be exercised for the benefit of one creditor to the exclusion of all other interested persons. As the personal representatives, if any, of Charles E. Wheeler, deceased, are not parties to this case, the question as to the extent and/or exercise of such right does not arise in this case.

Holding these views, all the relief sought by the defendant Rockey as against plaintiff, will be denied, and a decree for foreclosure of plaintiff's and defendant's mortgages entered herein similar to the decree entered in the lower court.

CROW, PJ, and KLINGER, J, concur.