TALCO CAPITAL CORP., APPELLEE, v. STATE UNDERGROUND PARKING COMMN. ET AL., APPELLANTS.

(No. 74AP-222—Decided November 26, 1974.)

Messrs. *Crabbe, Brown, Jones, Potts & Schmidt* and Mr. *William H. Allyn*, for appellee .

Messrs. *McNamara & McNamara* and Mr. *John J. Petro*, for appellants.

HOLMES, J. This matter involves the appeal of a judgment of the Court of Common Pleas of Franklin County,

which found in favor of the plaintiff Talco Capital Corporation (Talco), the assignee of a creditor's claim against the State Underground Parking Commission and the Seaboard Surety Company, the latter having previously issued a surety policy to the Commission.

The facts in brief are that a certain company by the name of Kenny Brown and Associates, Inc. (Kenny Brown) had a contract with defendant State Underground Parking Commission for the erection within the parking garage of an automatic vehicle counting and control system. Kenny Brown entered into a contract with the National Automation Company (NAC), by which NAC was to supply an automatic vehicle counting and control system and was also to supply overall supervision of the installation of the equipment. It appears from the record that a good portion of the equipment was delivered and installed by the time of the opening of the parking garage on November 16, 1964, but that the system was not complete on such date. It would appear that NAC was last on the job at or about June 11, 1965.

The facts further show that, on November 30, 1964, NAC assigned its accounts receivable from Kenny Brown to the Long Island Trust Company of New York, such assignment being in connection with certain loans made to NAC by the Long Island Trust Company. The Long Island Trust Company made a further assignment of these accounts receivable to the present plaintiff Talco by assignment dated November 1, 1965.

Differences developed between NAC and Kenny Brown as to what was due NAC under the contract. On September 22, 1965, NAC filed with the Parking Commission an "Affidavit for Mechanic's Lien" intended to be pursuant to R. C. 1311.26. In such affidavit NAC alleged that there was the sum of $38,540 due it from Kenny Brown under the "base contract" between them, which base contract was alleged to have been completed by November 1964. The affidavit also alleged that NAC was due the sum of $19,128.-98 for "extra labor" performed from November 11, 1964, to June 11, 1965.

Within ten days of the filing of the affidavit, Kenny

Brown filed with the Commission its notice of intention to dispute the lien and claim of NAC. On or about August 5, 1966, Seaboard Surety Company and Kenny Brown gave a bond to the Commission, and Kenny Brown was paid the funds remaining due under Kenny Brown's electrical contract with the Commission.

Thereafter, NAC brought an action against Kenny Brown in the Court of Common Pleas of Franklin County, seeking to recover the sum of $57,668.98; it alleged that $38,540.00 was due under its contract and that $19,128.98 was due for extra work performed up to June 11, 1965. No claim was made in that action with respect to the validity or propriety of the alleged mechanic's lien of NAC. In that case the trial court found that Kenny Brown was not obligated to pay for any "extra services" claimed by NAC, but that NAC was entitled to receive $20,572.71 under its contract, with interest at 6 percent from August 5, 1966. That judgment became final and was not appealed and, according to the original stipulation filed herein, such judgment was not satisfied. Kenny Brown, it appears, sometime thereafter discontinued its operations and is no longer in the business. On January 12, 1967, Talco purchased all of the rights, title and interest of the trustee in bankruptcy of NAC in the accounts receivable of the bankrupt company.

Subsequently, Talco brought this action against Seaboard and the Commission for the purpose of establishing the validity of the mechanic's lien acquired by NAC. The trial court, in this action, found there to be due from the defendants to the plaintiff the sum of $20,572.71 with interest, and there to be a valid lien filed by NAC. It is from that lower court's judgment that this appeal has been taken.

The assignments of error, as set forth in the defendants' brief, are as follows:

1. "The trial court erred in finding that National Automation Corporation (NAC), predecessor in interest to Talco Capital Corporation (Talco) had a right to file an attested account (lien) in the name of NAC subsequent to an assignment by NAC to Long Island Trust Company of

all of the right, title and interest of NAC to any and all sums due to NAC from Kenny Brown and Associates, Inc. (KBA).''

2. ''The trial court erred in finding that all procedural prerequisites to the establishment of an attested account (lien) had been met by NAC in that the affidavit for attested account (lien) filed by NAC is improper to perfect an attested account in accordance with Ohio Revised Code Section 1311.26 and in that as a matter of fact and law the affidavit for attested account was not filed within the time set forth and required by Section 1311.26.''

3. ''The trial court erred in entering judgment against Seaboard in that there is no evidence establishing any right in behalf of Talco against Seaboard.''

I.

The main section of law in dealing with the filing and perfection of a mechanic's lien for public improvement and work is R. C. 1311.26. However, the case of *Boyd* v. *Royal Indemnity Co.* (1933), 126 Ohio St. 322, tells us that the statutes governing mechanics' liens generally grant a lien against both real and personal property, but that the lien against public works only grants such against a fund in that the law prohibits a sale or seizure upon execution of public property.

Under the first assignment of error, the defendants argue basically that in order for the lien claimant to properly file a lien, pursuant to R. C. 1311.26, there must be money due, or to become due, for labor performed or material furnished. The defendants assert that there could be no money due this lien claimant in that, prior to filing such lien, it had conveyed its claim against Kenny Brown to the Long Island Trust Company. Therefore, we conclude the defendants, NAC had no right to file an affidavit for a lien as was done herein.

In order to resolve the issues presented, a few basic principles of law applicable thereto should be stated. As to the manner in which liens will be construed and interpreted by courts, we find the following in 36 Ohio Jurisprudence 2d 445, Mechanics' Liens, Section 14:

''The rule which has been laid down by the latest Supreme Court cases on the subject, and followed by the

Courts of Appeals, is that mechanic's lien statutes are to be construed strictly upon the question whether a lien attaches, and to be construed liberally in regard to the remedial and procedural provisions, *after the lien has been created*. In regard to the *procedure for perfecting* a mechanic's lien, the Mechanic's Lien Law confers a right in derogation of common law, and although liberality in reference to errors of procedure is permissible all steps prescribed by statute to perfect such lien must be followed, and in that respect the law has to be strictly construed and applied." Citing *Robert V. Clapp Co.* v. *Fox* (1931), 124 Ohio St. 331.

The necessity of giving equal recognition and weight to the two precepts is set forth in the decision of the Supreme Court of Ohio in *Lee Turzillo Contracting Co.* v. *Cin. Met. Housing Authority* (1967), 10 Ohio St. 2d 5, 9 as follows:

"The conclusion we reach is required if equal weight is to be accorded to every feature of the statutes and if conflict is to be avoided and a balance maintained between two precepts, viz., that remedial laws, on the one hand, are to be liberally construed and that statutes purporting to confer a substantive right in derogation of common law, on the other, will be resolved against one claiming their benefits."

Assignment of error number one presents to this court a number of basic questions as to just what rights have been afforded by law to a claimant of a mechanic's lien upon public improvements. The first question to be resolved is, what rights of assignment does such lien claimant have? The question of rights of assignment on the part of the lien claimant arises both as to the chose in action, the account receivable, as well as to the mechanic's lien which secures such account receivable.

As to the assignability generally of a chose in action, we find at 5 Ohio Jurisprudence 2d 156, Assignments, Section 6, the following:

"The early common-law rule that a chose in action was not assignable, at least not so as to vest the assignee with the legal title and enable him to maintain an action at law in his own name, has been so materially modified

by judicial decision and by statute that assignability of choses in action is now the rule, and nonassignability the exception."

Assignments of a chose in action, such as accounts receivable, may take a variety of forms, according to the needs, circumstances and requirements of the particular parties assignor and assignee. In a given instance, the one party owning the account receivable may assign his account as security for the repayment of loans entered into, or to be entered into. In another instance, the account receivable may be absolutely sold and assigned to the lender in payment of the debt. Additionally, such account receivable may be sold to a third-party factor, often such sale to be at a discount in allowance for the uncollectibility of such account.

The assignability of a lien on a public works fund is a much more difficult and complex question. This question seemingly is an open one in Ohio and has as yet not been judicially answered, at least no reported decisions are to be found. In some jurisdictions this question has been answered by way of statute. Some statutes grant the right to the lien claimant to assign the lien only after properly perfecting such. Other statutes extend the right of assignment to the lien claimant, either before or after perfecting such lien.

The problem is complicated in Ohio law by virtue of the fact that there is a section of law authorizing the assignment of certain liens, but is silent as to the assignment of other liens. R. C. 1311.22 provides, in pertinent part: "All liens or claims which may arise or accrue under Sections 1311.01 to 1311.24, inclusive, of the Revised Code are assignable." However, no such provision is to be found which provides for the assignment of mechanics' liens perfected pursuant to R. C. 1311.26, which section pertains to public improvements.

These laws, both as earlier and separately enacted, and as they exist today, concern themselves with different subject matter. R. C. 1311.01 through 1311.24 pertain only to liens on private property, while R. C. 1311.26 additionally concerns itself with attested accounts or work done for public improvement. We are not controlled in

this instance by the maxim *expressio unius est exclusio alterius*, in that the separate provisions alluded to herein were not enacted in the same section of law, nor were they enacted in the same act of the General Assembly. We believe that the express provision authorizing the assignment of liens perfected on private property does not *pro se* exclude or prohibit the assignment of liens perfected on public improvements.

We agree with the statement found within 36 Ohio Jurisprudence 2d 655, Mechanics' Liens, Section 183, that: "Although there is a conflict on this question, the great weight of authority, as well as the better reasoning, is in favor of permitting such an assignment."

It has been held in Ohio, in construing assignments of mechanics' liens, both before and after the passage of R. C. 1311.22, that the right to the lien is not assignable until it has been established in the manner provided by law. *City of Hamilton* v. *Stilwaugh* (1895), 11 C. C. 182; *In Re Engle* (1894), 1 N. P. 110; *Canton Morris Plan Bank* v. *Most* (1932), 44 Ohio App. 180. It is our view that such principle of law in like manner should be applied to mechanics' liens asserted upon public improvements.

Having determined that a mechanic's lien, or attested account, where properly perfected, may be assigned, we come next to the question of whether NAC, the lien claimant, had a right to obtain a lien even though the debt, by way of the account receivable from the subcontractor, had been assigned to the Long Island Trust Company.

We believe that the plaintiff has stated the preferable law to be applied to this particular issue of the case. Such law is to be found in 53 American Jurisprudence 2d 822, Mechanics' Liens, Section 286, as follows:

"In those jurisdictions where a lienable claim may be assigned, if one entitled to a mechanic's lien makes an absolute assignment of the sum due him, and not merely as security, a lien statement filed by him on his own account after such assignment, although within the statutory time, is void, and will not, therefore, inure to the benefit of his assignee. It also has been held that by assignment of all rights to the money to come due under a contract the contractor waived his right to a lien, since such

right is incidental to the right to exact compensation. But if the sum due is assigned as collateral security for the payment of a debt, the assignor still has sufficient interest to entitle him to file a lien statement afterward within the statutory time, which will secure his equitable rights in the claim assigned and also inure to the benefit of his assignee." Citing *Herberling* v. *Day* (1922), 59 Cal. App. 13, 209 P. 908; *Davis* v. *Crookston Waterworks P. & L. Co.* (1894), 57 Minn. 402, 59 N. W. 482.

We hereby adopt such principle of law as being within the intent and purpose of the lien laws, to provide a more meaningful and tangible benefit to lien claimants; i. e., the marketability of that which represents the fruits of their labors. Merely stating the law to be applied to this case, unfortunately, does not resolve all of the problems presented here, in that the evidence before the trial court by way of the stipulations and the exhibits does not entirely clarify the issue as to whether NAC, the lien claimant, had merely assigned its accounts receivable from Kenney Brown by way of security for its loans as negotiated, or whether such assignment was absolute and in that sense a sale of such accounts in satisfaction of the notes due.

The pertinent exhibit in this regard is exhibit A where, at page 1, we find the following:

"Whereas, on the 30th day of November, 1964, in consideration of mutual promises and loans then and thereafter made by Long Island Trust Company to National Automation Corporation, said National Automation Corporation did assign certain accounts receivable to said Long Island Trust Company by an agreement of said date; and * * *."

This wording is not determinative of the exact nature of the transaction between the parties. Conceivably, such could have been an absolute assignment, or the assignment could have been only by way of security for the loan. We feel that such a determination must be made by the trial court prior to applying the appropriate law as pronounced in this decision.

Therefore, assignment of error number one is hereby affirmed.

## II.

As to assignment of error number two, relating to the claim that the affidavit for the mechanic's lien was not timely filed, we are unable to agree with defendants' arguments and must dismiss such assignment. The defendants basically argue in this assignment that Talco had not complied with the mandates of R. C. 1311.26 as to the timely filing of such affidavit.

The pertinent portion of such section is as follows:

"[One who has performed labor or furnised material] * * * *at any time, not to exceed four months from the performance of the labor or the delivery of the machinery, fuel or material,* may file * * * a statement * * *."

The defendants argue that such affidavit was not timely filed in that the affidavit states two separate and distinct claims, one for $38,540 under the "base contract" and one for $19,128.98 for the "extra labor." Defendants further argue that the affidavit states that the base contract work was completed at the end of November 1964, but that the extra work was not completed until June 1965, and that a lien could have been perfected upon such latter work, if the court in a prior action between NAC and Kenny Brown had not found that there was no proof that Kenny Brown should be charged for extra services.

We hold that the general law is, as stated by the defendants, that the time for perfecting a lien cannot be extended by the performance of labor under another contract, attempting thereby to tack one contract onto another so as to enlarge the time for perfecting a lien under either. *King, Gilbert & Warner* v. *Ship Building Co.* (1893), 50 Ohio St. 320.

However, where a contract may be found to be continuing, or where at least such labor or materials may be found to have been performed or delivered under a continuous transaction reasonably under the general arrangement between the parties, it may be found that a lien could be properly filed within the period of the last labor performed or material delivered. Here we find the contract and the services to be rendered, and in fact rendered by NAC to Kenny Brown, to be of a continuing nature not constitut-

ing a tacking on of one contract to another, but constituting one contract, although separated into two parts, basic and additional labor, for the purposes of allocating the payments on such contract. Therefore, we hold that the lien was timely filed, if valid in other respects.

### III.

Next, we come to assignment of error number three, related to the defendants' question of the authority of the assignee of a lien claimant to bring an action directly against the bonding company in instances where there is a claimed right under a mechanic's lien upon a public improvement. This question we feel is answered by the enactment of R. C. 1311.311, by which section a lien is rendered void, and the funds upon which the lien is sought are wholly discharged therefrom, when a bond in double the amount of the claim is filed with the owner, or board, officer, clerk, agent, or attorney.

We hold that such bond then stands in the stead of the funds discharged, and the bonding company responsible under such bond becomes thereby a party subject to the action for recovery upon such claim.

In any event, we hold that such issue had not been brought to the attention of the trial court by way of the stipulation of issues and had not been passed upon by the trial court. The question is first presented herein upon this appeal. This assignment of error is therefore dismissed.

Therefore, the judgment of the Court of Common Pleas of Franklin County is reversed, and is hereby remanded for the limited purpose of a finding, as to whether the assignment of the accounts receivable due NAC from Kenny Brown were absolutely sold and assigned without recourse, or whether such assignment was merely for the purpose of securing certain obligations.

If the finding is the former, judgment should be entered for the defendant Seaboard; if the finding be the latter, judgment should be entered for the plaintiff Talco Corporation.

*Judgment reversed and cause remanded.*

TROOP, P. J., and REILLY, J., concur.