LOVEMAN, APPELLEE, *v.* HAMILTON, EXR., APPELLANT.

(No. 80-1289—Decided May 20, 1981.)

*Mr. Alan M. Wolk,* for appellee.

*Messrs. Gallagher, Sharp, Fulton, Norman & Mollison* and *Mr. Neil E. Roberts,* for appellant.

CELEBREZZE, C. J. Appellee's claim for legal malpractice against the Weitzman estate survives, pursuant to R. C. 2305.21, if legal malpractice (1) is a cause of action that survives at common law or (2) constitutes an injury to appellee's property interests. For the reasons that follow, we find that an accrued cause of action in legal malpractice meets both of the foregoing tests.

Initially, it should be noted that, at common law, actions *ex contractu* survived the death of a defendant and actions *ex delicto* did not. *Village of Cardington* v. *Adm'r. of Fredericks* (1889), 46 Ohio St. 442, 448. Although a client's claim against an attorney has aspects of both a contract action and a tort action, the general rule is that the gist of the action, regardless of its form, is the attorney's breach of his contractual obligation to represent his client in a professional, effective and careful manner. *McStowe* v. *Bornstein* (Mass. 1979), 388 N.E. 2d 674; *Hendrickson* v. *Sears* (1974), 365 Mass. 83, 310 N.E. 2d 131. See, generally, Annotation, 18 A.L.R. 3d 978; Annotation, 65 A.L.R. 2d 1211; 6 Ohio Jurisprudence 3d 674, Attorneys at Law, Section 143. As such, the aforementioned attorney-client contractual dimension to a professional malpractice claim permits appellee's claim to survive the death of Weitzman, pursuant to R. C. 2305.21.

In light of the foregoing analysis of the contract-tort historical dichotomy, which is required by the explicit language of R. C. 2305.21, we must point out that a mere label should not be dispositive of the survivability of a cause of action in professional malpractice. To rule that survival of a cause of action is contingent on the procedural distinction between contract and tort would be to elevate form over substance. Accordingly, looking to the substance of the case *sub judice,* we also rule that appellee's action survives because the focal point of the case is recovery of property damages.

The critical consideration in the case at bar is the nature of the damages for which recovery is sought. As this court ruled in *Cardington* v. *Fredericks, supra,* at 448:

"As a general rule, at common law, actions *ex contractu* survived, while actions *ex delicto* did not. To this there were

exceptions. One was that, in actions *ex delicto,* so far as the act complained of resulted in damage to property, the action survived. Another was, that though the action was founded on contract, as a suit for breach of promise of marriage, yet if the damage resulting was to the person, and not to the property, the action did not survive." See, also, *Jenkins* v. *French* (1879), 58 N.H. 532.

Personal property is not limited to tangible goods and chattels. Intangible choses in action, such as a contract right and the right to bring a cause of action in a court of law, are also considered personal property. See *Porter* v. *Household Finance Corp.* (S.D. Ohio, E.D. 1974), 385 F. Supp. 336; *Brown* v. *Brown* (1976), 15 Cal. 3d 838, 544 P. 2d 561; *Maryland Cas. Co.* v. *Brown* (N.D. Ga. 1971), 321 F. Supp. 309; *Cincinnati* v. *Hafer* (1892), 49 Ohio St. 60.

Thus, if, as appellee alleges in her complaint, Weitzman mishandled her cause of action against Continental, Inc., then the provable damage to the subject matter entrusted to her attorney constitutes the requisite R. C. 2305.21 property damage.

If, on remand, appellee can demonstrate that she has been wronged and damaged by the conduct of her attorney, then she should be compensated. Accordingly, for all the foregoing reasons, the judgment of the Court of Appeals is affirmed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed and*
*cause remanded.*

W. Brown, P. Brown, Sweeney, Locher, Holmes and C. Brown, JJ., concur.