TOLEDO BLANK, INC., Appellee,

v.

PIONEER STEEL SERVICE COMPANY, Appellee and Cross–Appellant;
Integra National Bank/North, Appellant and Cross–Appellee.

[Cite as *Toledo Blank, Inc. v. Pioneer Steel Serv. Co.* (1994), 98 Ohio App.3d 109.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–362.

Decided June 24, 1994.

---

*H. Buswell Roberts, Jr.* and *John Gustafson,* for appellee.

*Harry W. Greenfield,* for appellee and cross-appellant.

*Thomas J. Tucker* and *Terrell A. Allen,* for appellant and cross-appellee.

---

HANDWORK, Judge.

This case is on appeal from the September 30, 1992 judgment of the Lucas County Court of Common Pleas, which granted to Toledo Blank, Inc., appellee, the equitable remedy of marshalling. On appeal, Integra National Bank/North, appellant and cross-appellee, asserts the following assignments of error:

"I. The trial court erred in ordering marshalling because the collateral at issue is intangible property.

"II. Even if marshalling were permissible under the circumstances of this case, the trial court erred to the extent its marshalling order permits Toledo Blank to execute against any of Integra Bank's collateral before Pioneer Steel's debt to Integra Bank is fully paid.

"III. The trial court erred in ordering marshalling, and in refusing to vacate its garnishment order, because these orders violate Integra Bank's rights as secured creditor of the garnishee, American Cap.

"IV. The trial court erred in ordering marshalling, and in refusing to vacate the garnishment order, because these orders ignore the fact that most of the American Cap debt to Pioneer Steel is subordinated to Integra Bank's right to full repayment of American Cap's $275,000 note to the bank."

A cross-appeal was filed by Pioneer Steel Service Company, Inc., which asserts the following cross-assignment of error on appeal:

"The trial court lacked jurisdiction over garnishments proceedings against American Cap Co. as an out-of-state garnishee with its intangible property located in another state."

In 1991, Toledo Blank, Inc. ("Toledo Blank") brought suit against Pioneer Steel Service Company, Inc. ("Pioneer"), American Cap Co., Inc. ("American"), and Philip A. Moroco (the president and owner of both Pioneer and American). Toledo Blank sought to recover monies owed by both companies on accounts, plus interest, costs, and attorney fees. Moroco had executed a personal guarantee up to $300,000 to pay the bills of the companies. On February 26 and 28, 1992, the trial court issued stipulated judgments against Pioneer in the amount of $191,000, plus interest at ten percent per annum and costs. Stipulated judgments were also obtained against American and Moroco, but are irrelevant with regard to this appeal.

Garnishment proceedings were initiated by Toledo Blank against Pioneer on March 10, 1992 by the filing of an affidavit for garnishment of property other than personal earnings. Toledo Blank sought an order garnishing an account receivable owned by Pioneer (evidencing a debt owed to Pioneer by American). On March 16, 1992, the trial court issued an order and notice of garnishment of property other than personal earnings against Moroco as president of American. The order required American to hold safely any money, property, or credits other than personal earnings that it had under its control which belonged to Pioneer.

Integra National Bank/North ("Integra") intervened in this case to object to the garnishment proceedings. It is undisputed that Integra has a prior perfected security interest in the account receivable owned by Pioneer (evidencing the debt owed by American to Pioneer), which Toledo Blank seeks to garnish. In addition, Integra also has a prior perfected security interest in all of the assets of American and substantially all of the other assets of Pioneer. Integra argued that (1) the garnishment order violated its superior rights as the secured creditor of Pioneer and American, and (2) Toledo Blank was bound by the agreement between Pioneer and Integra that Pioneer would subordinate its right to collect from American to the right of Integra to receive payment in full of a debt owed by American to Integra.

Toledo Blank argued in response that the judgment debtor's examination showed that there are sufficient assets of Pioneer to satisfy both the claims of Toledo Blank and Integra. Toledo Blank therefore requested that the trial court apply the equitable doctrine of "marshalling" and compel Integra to satisfy its claims first from the assets other than the common collateral (the account receivable evidencing the debt of American).

Integra opposed the marshalling of the assets of Pioneer on several grounds. First, Integra argued that Toledo Blank was not entitled to marshalling because it is an unsecured creditor and because the property at issue is intangible property. Second, Integra argued that even if Toledo Blank is entitled to the marshalling of the assets of Pioneer, Integra, as the senior creditor, could not be

deprived of its lien or priority in the common collateral. In addition, Integra argued that the assets subject to the marshalling order are insufficient to satisfy the debt owed by Pioneer to Integra. Toledo Blank disputed that the assets were insufficient to satisfy both claims.

Pioneer was granted leave to file objections to the garnishment proceedings. It argued that the trial court lacked subject matter jurisdiction over American and in rem jurisdiction over the property sought to be garnished. Toledo Blank argued that the trial court had continuing jurisdiction over the case involving Pioneer and that it had in rem jurisdiction because the case involved a tangible asset of Pioneer.

The trial court issued its judgment on September 30, 1992. The court recognized Integra's superior security interest in the assets of Pioneer and American, but overruled the objections to the marshalling of the assets of Pioneer because the marshalling could be conducted to achieve an equitable result. The trial court concluded that the requirements for marshalling had been met in this case and identified those assets which were subject to marshalling. Integra was ordered to immediately satisfy the debt owed to it by Pioneer out of Pioneer's inventory and accounts receivable from debtors other than American. If these assets were sufficient to satisfy the debts owed to Integra, then Toledo Blank could execute on Pioneer's account receivable from American to satisfy its judgment lien. The trial court stayed its previous garnishment order (which required American to immediately pay into the court the money American owed Pioneer), until the debt of Integra had been satisfied or until six months after the date of the judgment, whichever was sooner.

In its first assignment of error, Integra argues that the trial court erred by ordering the marshalling of Pioneer's assets because the collateral at issue is intangible property and, therefore, cannot be subject to a marshalling order. Integra argued that the trial court's reliance on two out-of-state cases was misplaced because these cases do not hold that intangible assets may be subject to marshalling. Toledo Blank argues that the cases cited by Integra do not hold that accounts receivables are intangible property; that under R.C. 1309.01(A)(16), accounts receivable are specifically defined as "tangible property"; and that the courts have permitted the marshalling of accounts receivable, as well as intangible property.

█ We begin by addressing the issue of whether accounts receivable are tangible or intangible property.

Under Ohio common law, an account receivable is a contract right and, therefore, is a chose in action and intangible property. *Loveman v. Hamilton* (1981), 66 Ohio St.2d 183, 185, 20 O.O.3d 194, 195, 420 N.E.2d 1007, 1008–1009;

*Anderson v. Durr* (1919), 100 Ohio St. 251, 259, 126 N.E. 57, 60, affirmed (1921), 257 U.S. 99, 42 S.Ct. 15, 66 L.Ed. 149; *Cincinnati v. Hafer* (1892), 49 Ohio St. 60, 65, 30 N.E. 197, 198; *Walther v. Cent. Trust Co.* (1990), 70 Ohio App.3d 26, 33, 590 N.E.2d 375, 379–380; *Talco Capital Corp. v. State Underground Parking Comm.* (1974), 41 Ohio App.2d 171, 176, 70 O.O.2d 343, 346, 324 N.E.2d 762, 766– 767; *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 242, 61 O.O.2d 256, 258–259, 289 N.E.2d 373, 377; and *Grossman v. Butcher* (June 30, 1992), Franklin App. No. 91AP–1023, unreported, 1992 WL 158422.

Toledo Blank attempts to argue that accounts receivable are no longer consid- ered to be intangible assets because of statutory changes in the definition of "intangibles." While the Uniform Commercial Code ("UCC") does define "gener- al intangibles" as not including accounts receivable (R.C. 1309.01[A][16] ), we conclude that the UCC definition is not applicable in the case before us because marshalling is an equitable remedy under common law. In addition, the UCC only states that accounts receivable are not *general* intangibles; it does not state that accounts receivable are not intangibles.

The remaining issue before us is whether the marshalling order was appropri- ate in this case because it involves an intangible asset.

 Marshalling is an equitable remedy under common law. The remedy is based on the equitable principle that where there are two creditors who have interests in the same property of a common debtor, and the senior creditor has more than one source of funds belonging to the common debtor to satisfy the senior creditor's liens or interests, the senior creditor must seek to satisfy his liens or interests in such a way that the junior creditor, who has more limited sources of funds of the common debtor out of which to satisfy his liens or interests, will not be prejudiced. However, this equitable remedy will not be available if it would delay, inconvenience, or prejudice the senior creditor or cause the senior creditor to seek a personal remedy to satisfy his lien or interest. For example, this remedy has not been given where the fund available has an uncertain value or would involve the creditor in litigation. *Meyer v. United States* (1963), 375 U.S. 233, 236–237, 84 S.Ct. 318, 320–321, 11 L.Ed.2d 293, 296– 297; *Sowell v. Fed. Res. Bank of Dallas, Texas* (1925), 268 U.S. 449, 456–457, 45 S.Ct. 528, 530–531, 69 L.Ed. 1041, 1049; *Piatt v. St. Clair's Heirs* (1833), 6 Ohio 227, at paragraph thirteen of the syllabus; *Allstate Fin. Corp. v. Westfield Serv. Mgt. Co.* (1989), 62 Ohio App.3d 657, 667, 577 N.E.2d 383, 389–390; *Parker v. Wheeler* (1933), 47 Ohio App. 301, 306–307, 191 N.E. 798, 800–801; *Homan v. Michles* (1963), 118 Ohio App. 289, 290–291, 25 O.O.2d 129, 129–130, 194 N.E.2d 162, 163–164; and *Union Cent. Life Ins. Co. v. Cherry* (1931), 39 Ohio App. 298,

299, 177 N.E. 486. See, also, Clark, The Law of Secured Transactions Under the Uniformed Commercial Code (Rev.Ed.1993) 4–61, Section 4.035.

■ In 1933, an Ohio appellate court also held that the equitable remedy of marshalling is available only if the property of the common debtor is tangible and not a chose in action. *Parker v. Wheeler, supra,* 47 Ohio App. at 308, 191 N.E. at 801. This holding was based on a secondary source, 26 Ohio Jurisprudence (1933), Marshalling Assets, Section 3, at 100. The trial court in the case before us declined to follow the holding of the *Parker* case, stating that the modern view is to permit the marshalling of intangibles. The trial court relied on the cases of *In the Matter of Mel–O–Gold, Inc.* (Bankr.Ct.Iowa 1988), 88 B.R. 205, and *SCD Chem. Distrib., Inc. v. Maintenance Research Laboratory, Inc.* (1991), 191 Mich.App. 43, 477 N.W.2d 434. Upon our review of these cases, however, we find that they neither hold nor state in dicta that equity permits the marshalling of intangible assets. The facts in these cases, and others, merely include intangibles among the assets which were sought to be the subject of a marshalling order. We have been unable to locate any case which addresses this issue. However, it is noteworthy that intangibles such as accounts receivables are often a part of the assets in recent cases and no party has apparently ever claimed that they cannot be the subject of a marshalling order. We conclude, therefore, that compelling a senior creditor to first seek satisfaction of its liens or interest from intangibles such as accounts receivables does not generally prejudice the senior creditor. The better rule would be to allow the court to evaluate each case based on its own facts to determine if the marshalling order is equitable to both the senior and junior creditor. Therefore, we do not adopt the holding of the *Parker* case.

■ In the case before us, Integra did not present any evidence to establish that it would be prejudiced if it was compelled first to seek to satisfy the debt owed to it by Pioneer out of the accounts receivable of Pioneer owed by debtors other than American. Therefore, the trial court's marshalling order was appropriate. Integra's first assignment of error is found not well taken.

In its second assignment of error, Integra argues that the trial court abused its discretion by placing a time limit on Integra's liquidation of Pioneer's assets in order to collect the debt owed to it or, in the alternative, by staying the court's prior garnishment order for only six months.

■ We find that the trial court, in order to ensure equity, may reasonably compel the senior creditor to proceed to satisfy the debt owed to it within a predetermined reasonable period of time. If the senior creditor finds that

compliance with that order becomes unreasonable, it is free to petition the court to extend the time limitation.

■ In the case before us, there is little evidence that the six-month time limit set by the court is an unreasonable period. Although there is evidence that the inventory is specialized steel and is not readily marketable, there is no evidence that a buyer cannot be sought or that the steel cannot be sold within six months without a substantial loss. Integra's second assignment of error is not well taken.

■ In its third assignment of error, Integra argues that the trial court abused its discretion when it issued the garnishment order and when it issued the marshalling order lifting the stay on the garnishment order after six months without considering the effects such orders had on Integra's prior perfected security interest in all of the assets of American.

The garnishment order directed American to pay to the court the money American owed Pioneer to satisfy the judgment rendered against Pioneer. Integra contends that the garnishment order has the effect of indirectly elevating Toledo Blank's interest in the assets of American and thereby destroying Integra's prior perfected security interest in all of the assets of American. We agree. There is no provision in the trial court's marshalling order to protect the superior security interest of Integra in the assets of American. The garnishment order simply compels American to pay its debt to Pioneer. Therefore, a prerequisite for issuing the marshalling order has not been met. However, we believe that an equitable marshalling order can be issued which will protect Integra's prior perfected security interest in American's assets and yet protect the interests of Toledo Blank as well. Therefore, we will remand this case to the trial court for purposes of restructuring its marshalling order accordingly. Integra's third assignment of error is well taken.

■ In its fourth assignment of error, Integra argues that the trial court abused its discretion when it issued the marshalling order without considering the subordination agreement between Pioneer and Integra. By that agreement, Pioneer agreed to subordinate its right to receive payment of a portion of the debt from American to Integra's prior perfected security interests in all of the assets of American. Toledo Blank argues only that it was not a party to the subordination agreement and therefore is not bound by its terms.

What Toledo Blank ignores in this case is that the trial court is invoking its equity jurisdiction when it issues a marshalling order. We agree with Integra that the marshalling order in this case is not equitable when it causes Integra's

rights under the subordination agreement to be lost merely to effectuate garnishment proceedings. Nonetheless, we believe that an equitable marshalling order is possible and direct the trial court to restructure its marshalling order on remand. Integra's fourth assignment of error is well taken.

■ We now turn to the cross-assignment of error filed by Pioneer. In its cross-assignment of error, Pioneer asserts that the trial court lacks jurisdiction over American and its assets. Although American was a party to this action initially, it satisfied the judgment rendered against it and is no longer a party to the action. Pioneer objected to the garnishment proceedings and filed this cross-appeal asserting the rights of American. We find that Pioneer does not have standing to assert such rights because it does not have a stake in the outcome regarding these issues. *Sierra Club v. Morton* (1972), 405 U.S. 727, 732, 92 S.Ct. 1361, 1364–1365, 31 L.Ed.2d 636, 641–642; *Steiniger v. Butler Cty. Bd. of Commrs.* (1989), 60 Ohio App.3d 122, 123, 573 N.E.2d 1212, 1212–1213; *Holcomb v. Schlichter* (1986), 34 Ohio App.3d 161, 163–164, 517 N.E.2d 1001, 1003–1005. Therefore, we have no jurisdiction to address Pioneer's sole cross-assignment of error.

Accordingly, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for the purposes of restructuring the marshalling order so that the superior interests of Integra are not compromised. Pursuant to App.R. 24, Toledo Blank is hereby ordered to pay the court costs incurred on appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and SHERCK, JJ., concur.