OPINION
This is an appeal of a judgment of the Geauga County Court of Common Pleas in which the court denied the motion to marshal assets of appellants, Jeffrey P. Johnson and Christine A. Johnson,
Appellants obtained a $300,000 judgment against Renato Cromaz in the Cuyahoga County Court of Common Pleas. They had a certified copy of the judgment recorded as a lien in the Geauga County Court of Common Pleas. Appellants then instituted an action to execute their lien in a pleading styled "Complaint in Foreclosure" upon residential property owned and occupied by Renato and Annette Cromaz, located in Chesterland, Ohio. All other lien holders of record were joined in the action. Technically, this was not a foreclosure but an execution upon a judgment lien, although so styled by the trial court due to appellant's attorney's labeling.
After the Cromazes failed to answer, appellants filed a motion for default judgment, pursuant to Civ.R. 55, which was granted. Appellants obtained a $300,000 default judgment against Renato Cromaz and Annette Cromaz.[1] Following entry of the default judgment, the trial court issued a decree of judgment in foreclosure ordering that all valid liens be marshaled and the property sold at sheriff's sale. Prior to the sheriff's sale, Renato Cromaz declared bankruptcy and stayed the sale. No motion to marshall the assets was made. Subsequently, the bankruptcy court issued an order terminating the stay and abandoning the property. Accordingly, appellants moved to resume the sale. The property was sold, through a nominee, to appellants for $127,000.
The Cromazes moved to participate in the proceeds of the sheriff's sale. The court denied their motion and confirmed the sale. The Cromazes filed an appeal to this court. We affirmed in part, reversed in part, and remanded for the trial court to address appellee's claim that she was entitled to one-half of the remaining proceeds following payment of all court costs and taxes, and the satisfaction of all sums due on two bank mortgages.
On remand, appellants moved the court to marshal the assets. The motion was denied. The court marshaled the liens and ordered distribution of the proceeds of the sheriff's sale. Review of the judgment entry reveals that the trial court ordered that the proceeds be distributed as follows: $78,929.53 to the Cromazes' senior creditors, to whom Annette and Renato are jointly and severally liable; $23,699.26 to Renato's individual creditors; $24,146.89 to appellee; and, $224.32 to appellants. Specifically, the joint creditors' distributions were as follows:
 Geauga County Treasurer: $4,105.42, for court costs;
 Geauga County Treasurer: $19,637.05, for real estate taxes;
Charter One Bank: $8,608.08;
Bank One Cleveland: $46,355.67; and
State of Ohio Department of Taxation: $223.31.
Appellants present the following assignment of error:
 "[1.] The trial court erred in denying plaintiff's motion to marshal assets."
 Essentially, appellants contend that if appellee's one-half of the proceeds were exhausted by the Cromazes' senior creditors, there would be more money left for distribution to the junior creditors, including appellants. In response, appellee argues that appellants' motion to marshal assets was untimely and contends that, with the exception of the mortgages, the remaining claims are judgment liens against Renato Cromaz to which the doctrine of marshaling assets is inapplicable.
The doctrine of "law of the case" precludes a litigant from attempting to rely on new arguments, on remand, which were fully pursued, or were available to be pursued, in a first appeal. See City of Hubbard ex rel.Creed v. Sauline (Jan. 31, 1996), 74 Ohio St.3d 402, 404-405. "New arguments are subject to issue preclusion." Id. at 405. Thus, appellants are precluded from raising the issue of marshaling assets on remand, since they failed to do so during the first appeal before this court.
The rule of marshaling assets is an equitable doctrine based on:
 "* * * [T]he equitable principle that a party having two funds to satisfy his demands shall not, by his election, disappoint a party who has only one of the funds upon which to rely, thus preventing him from exercising his right of recourse against the property or assets in question in an unreasonable manner or as to satisfy his claim to the exclusion of such to other claimants." Homan v. Michles (1963), 118 Ohio App. 289, 291.
 The determination of whether to marshal assets lies in the discretion of the trial court. Toledo Blank, Inc. v. Pioneer Steel Serv. Co. (1994), 98 Ohio App.3d 109. Thus, the decision of the trial court will not be disturbed, absent a finding of abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. See, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In support of their argument, appellants rely on Cactus Capital Co. v.Mekong Market, Inc., (Apr. 15, 1997), Franklin App. Nos. 96APE08-1031 and 96APE09-1250, unreported, 1997 Ohio App. LEXIS 1443. In Cactus, the court marshaled assets: the senior creditors and holders of a mortgage were paid first by exhausting the wife's funds; a junior creditor of the husband received the remaining funds; and, the wife received nothing. However, while a trial court ordinarily marshals liens and determines the distribution of proceeds, the doctrine of marshaling assets is rarely applied.
The rule of marshaling assets is an equitable doctrine and it is fundamental that he who comes into equity must come with clean hands. See State ex. re. Mallory v. Public Employees Retirement Board (June 24, 1998), 82 Ohio St.3d 235, 244. The appellants did not come into this action with clean hands. As we noted the trial court was apparently led astray by an affidavit submitted by appellant's attorney in which the attorney averred that the $300,000 judgment was against both Renato and Annette. Johnson v. Cromaz (Dec. 27, 1999), Geauga App. No. 98-G-1251, unreported, 1999 Ohio App. LEXIS 6240. Appellants, through their counsel, submitted an inaccurate affidavit to obtain a judgment against Annette. Equity cannot help those with unclean hands.
Based on the foregoing, we conclude that the trial court's decision to deny appellants' motion to marshal assets did not constitute an abuse of discretion; the record is devoid of any evidence that the trial court's attitude was unreasonable, arbitrary or unconscionable.
The judgment of the trial court is affirmed.
JUDGE ROBERT A. NADER, FORD, P.J., CHRISTLEY, J., concur.
[1] The judgment entry "granted judgment by default against Defendants Renato Cromaz and Annette Cromaz in the amount of $300,000.00 plus interest in the amount of 10% from November 16, 1993, plus costs and attorney's fees in the amount of $6,000." The court's error in entering judgment against Annette appears to be due to an affidavit submitted by appellant's attorney. In his affidavit, appellant's counsel averred that appellants had obtained the Cuyahoga County judgment against both Renato and Annette Cromaz.