DECISION AND JUDGMENT ENTRY
{¶ 1} Morequity, Inc. appeals the Pike County Common Pleas Court's decision granting summary judgment to Community Action Committee of Pike County, Inc. (CAC). Morequity contends CAC does not have a first and best lien on the property at issue because the modification of CAC's loan agreement invalidated its mortgage. Morequity argues that because the modification is not a valid extension of the mortgage, it invalidates the original mortgage. We find no support for Morequity's argument that an invalid extension of a mortgage invalidates the mortgage itself. Thus, even if we were to agree with Morequity's argument that the new loan agreement is an invalid modification of the mortgage, we conclude the modification does not invalidate the original mortgage. Morequity also argues that if CAC does have a first and best lien on the property, the doctrine of marshaling assets should be applied. We conclude the doctrine of marshaling assets is inapplicable because CAC and Morequity are not creditors of a common debtor.
 {¶ 2} In December 1997, Jeffrey Maynard entered into a land installment contract with Leslie Clark for the sale of property located at 981 Gilbert Street, Columbus, Ohio. In 1999, Maynard applied to CAC for a loan to start a trucking business. He executed a promissory note with CAC in April 1999. The note indicates that it is secured by "U.C.C.'s". It also contains a security agreement granting CAC a security interest in a 1986 FRHT Model FLC and a 1986 Trailmobile Platform TRL Model F71. One month after executing the note, Maynard executed an open-end mortgage against the Gilbert Street Property to secure the note.[2] CAC recorded its mortgage on May 12, 1999.
 {¶ 3} Also in 1999, Clark filed a loan application with Old Kent Mortgage Company (Old Kent) to pay-off the debt owed to Maynard on the land installment contract. Old Kent approved Clark's loan and established a settlement date of May 29, 1999. On that day, Clark executed a mortgage against the Gilbert Street Property to secure the loan. In addition, Maynard executed a general warranty deed conveying the Gilbert Street Property to Clark. Old Kent recorded its mortgage on June 7, 1999. However, Ticorp National Title Agency of Ohio, Inc., the escrow and closing agent, failed to record the deed from Maynard to Clark.
 {¶ 4} In May 2000, Maynard and CAC restructured Maynard's loan because he had fallen behind in his payments. Maynard executed a new promissory note with CAC on May 5, 2000. The new note specifically states that it is a rewritten loan. Like the original note, the new note indicates that it is secured by "UCC's". It also contains a security agreement identical to that in the original note. However, the new note extends the time for repayment of the original loan and reduces Maynard's monthly payments.
 {¶ 5} In November 2001, Old Kent assigned Clark's mortgage to Morequity. In the meantime, Maynard had defaulted on his loan obligation to CAC. In January 2002, CAC filed a complaint in foreclosure against Maynard, Clark, Clark's wife, and Morequity. Morequity was the only defendant to file an answer. In April 2002, CAC filed a motion for default judgment against Maynard and the Clarks and a motion for summary judgment against Morequity. The trial court granted both of CAC's motions. Morequity now appeals, raising the following assignment of error: "The trial court erred in granting plaintiff-appellee's motion for summary judgment and denying defendant-appellant's motion for summary judgment."
 {¶ 6} In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination.Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; cf., also, State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 145,1997-Ohio-219, 677 N.E.2d 308, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 7} Morequity advances two arguments under its assignment of error. In its first argument, Morequity contends the modification of CAC's loan agreement invalidated its mortgage. Morequity contends the May 5, 2000 promissory note invalidates the mortgage because it is not a valid extension of the mortgage. Morequity argues that the new promissory note must be recorded and must "intelligibly refer" to the mortgage in order to be a valid extension of the mortgage. Morequity contends the failure to record the promissory note and the lack of intelligible reference to the mortgage results in an invalid extension of the mortgage, which invalidates the mortgage itself. Morequity relies on R.C. 5301.231 and the Supreme Court of Ohio's opinion in Choteau, Merle Sandford v. Thompson Campbell (1853), 2 Ohio St. 114, to support its argument. However, we are not convinced.
 {¶ 8} R.C. 5301.231(A) provides: "All amendments or supplements of mortgages, or modifications or extensions of mortgages or of the debt secured by mortgages, that have been executed in the manner provided in section 5301.01 of the Revised Code shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. * * *"
It is undisputed that CAC did not record its new promissory note. However, we question whether the statute requires this type of modification to be recorded. Initially, we note that CAC's promissory note is not the type of instrument encompassed by R.C. 5301.01, which addresses the requirements necessary for execution of deeds, mortgages, land contracts, leases, and memoranda of trust. Moreover, the modification at issue is a routine extension of the repayment date that is unlikely to prejudice junior lienholders. Nevertheless, even if the statute does require this type of modification to be recorded, we do not believe that a failure to comply with the statute results in invalidation of the original mortgage and loss of priority. See Farmers Prod. CreditAssoc. of Ashland v. Kleinfeld (Jan. 15, 1986), Medina App. No. 1408 (holding that the failure to record an extension of a debt, which extended the time for repayment, did not result in loss of priority.) There is nothing in the statute to indicate that a failure to record the modification or extension would result in invalidation of the original mortgage. Rather, the statute indicates that the modification or extension takes effect when it is delivered for record. Thus, the natural conclusion is that a modification or extension that is not recorded is an ineffective extension or modification of the mortgage and is not secured by the original mortgage. This, however, does not affect the validity and priority of the original mortgage.
 {¶ 9} In addition to R.C. 5301.231, Morequity also relies on the Supreme Court of Ohio's opinion in Choteau, Merle Sandford v.Thompson Campbell (1853), 2 Ohio St. 114, to support his argument. In Choteau, at paragraph eleven of the syllabus, the Supreme Court of Ohio held: "Where * * * a mortgage is duly made and recorded, and subsequently an indorsement executed and acknowledged, with the formalities of a deed, is made on the mortgage, providing that the said mortgage, in all its provisions and terms, shall extend to the securing of a further sum, the indorsement may be recorded in another part of the record book than that containing the original mortgage, without recording the original again; and if the subsequent record intelligibly refer to the first record, the said indorsement will be a valid extension of the condition of the mortgage as first made and recorded." However, Choteau
addressed the extension of a mortgage to secure the loan of additional funds. CAC's new promissory note does not contemplate a loan of additional funds. Rather, the new note evidences the same debt as the old note but extends the time for repayment and reduces Maynard's monthly payment. Moreover, there is no language in Choteau to suggest that an invalid extension of the original mortgage would invalidate the mortgage. In fact, the validity and priority of the original mortgage was not at issue in Choteau. Rather, Choteau focused on whether subsequently recorded indorsements to a mortgage constituted valid extensions of the mortgage.
 {¶ 10} Having analyzed R.C. 5301.231 and Choteau, we find no support for Morequity's argument that the modification of CAC's loan agreement invalidated the original mortgage. In Riegel v. Belt (1928),119 Ohio St. 369, 164 N.E. 347, paragraph three of the syllabus, the Supreme Court of Ohio held: "The purpose of a mortgage is to secure the payment of a debt. A note described in the condition of a mortgage is only evidence of the debt. No change in the form of the evidence, or the mode or time of payment, not amounting to actual payment of the debt, or an express release, will operate to discharge the mortgage."
Moreover, where one note is merely substituted for the note originally secured by the mortgage, the priority of the mortgage will not be impaired. Farmers Prod. Credit Assoc. of Ashland v. Kleinfeld (Jan. 15, 1986), Medina App. No. 1408, citing Kratovil Werner, Modern Mortgage Law Practice (1981), 549, Section 38.03(a). As one treatise states: "An extension that merely alters the time period for the payment of the obligation generally has no effect on the priority position of the extended mortgage as against intervening junior encumbrances. If, however, the extension also affects the amount of principal to be paid, or increases the interest rate, then the extended mortgage may lose priority as to the amount of the increased obligation." 4 Powell on Real Property (1997), 37-219, Section 37.31.
 {¶ 11} CAC's mortgage is an open-end mortgage securing future advances up to $9,500.00. The May 5, 2000 promissory note merely modified the original note secured by the open-end mortgage. The new note granted a ten-month extension of the repayment period and reduced Maynard's monthly payments from $315.70 per month to $290.28 per month. The new note did not provide for the loan of additional funds nor did it raise the interest rate established in the original note. We conclude the modification of CAC's promissory note to allow for an extension of the repayment period did not invalidate CAC's mortgage. Moreover, the modification did not affect the priority of CAC's mortgage. Thus, CAC had a first and best lien on the property.
 {¶ 12} In its second argument, Morequity contends that if CAC has a first and best lien on the property, the doctrine of marshaling assets should be applied. It contends CAC should be required to foreclose on the 1986 FRHT Model FLC and 1986 Trailmobile Platform TRL Model F71 before being permitted to foreclose on the Gilbert Street Property.
 {¶ 13} The doctrine of marshaling assets is an equitable remedy under common law. Toledo Blank, Inc. v. Pioneer Steel Serv. Co. (1994),98 Ohio App.3d 109, 115, 648 N.E.2d 1. "`The equitable remedy of marshaling securities, with that of marshaling assets, depends upon the principle that a person having two funds to satisfy his demands shall not, by his election, disappoint a party having but one fund. The general rule is, that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only * * * the former must seek satisfaction out of that fund which the latter cannot touch.'" (Example omitted.) Parker v. Wheeler (1933), 47 Ohio App. 301, 306-307,191 N.E. 798, quoting Pomeroy's Equity Jurisprudence, Second Edition, Vol. 5, page 5078, § 2288. However, the doctrine of marshaling assets is only available if the two parties are creditors of a common debtor.Mason v. Hull (1896), 55 Ohio St. 256, 45 N.E. 632, paragraph two of the syllabus; Homan v. Michles (1963), 118 Ohio App. 289, 291, 194 N.E.2d 162.
 {¶ 14} Morequity contends Maynard is a common debtor of both CAC and Morequity because, due to Ticorps' failure to record the general warranty deed from Maynard to Clark, Maynard is the record owner of the Gilbert Street Property. We disagree. Maynard does not become Morequity's debtor by virtue of being the record owner of property upon which Morequity has a mortgage. Webster's New College Dictionary (1999) defines "debtor" as "one who owes something to another." While the record indicates that Maynard owes CAC money, there is nothing in the record to indicate that Maynard owes Morequity anything. Rather, the record indicates that Clark, not Maynard, is Morequity's debtor. Because CAC and Morequity are not creditors of a common debtor, the doctrine of marshaling assets is not available. Thus, the trial court acted properly in granting summary judgment to CAC.
 {¶ 15} Finally, Morequity's reply brief raises a number of arguments challenging the validity of the original promissory note and mortgage. Morequity contends the mortgage does not secure the original loan agreement due to a discrepancy in dates. Morequity points out that the mortgage indicates it secures a note dated the same date as the mortgage; however, the promissory note the mortgage secures is dated one month earlier. Morequity also argues that the mortgage was given to a non-existent entity. Morequity acknowledges that Community Action Committee of Pike County, Inc., is a valid Ohio corporation. However, Morequity contends CAC of Pike Co., Inc., the mortgagee identified in the mortgage, does not exist as an Ohio corporation. Furthermore, Morequity contends CAC's original promissory note violates Truth in Lending Laws because it does not indicate a security interest in the Gilbert Street Property.
 {¶ 16} Morequity did not raise these arguments in the trial court. Rather, Morequity first raises these arguments in its reply brief. The failure to raise an argument in the trial court results in waiver of that argument for purposes of appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629; Lippy v. SocietyNatl. Bank (1993), 88 Ohio App.3d 33, 623 N.E.2d 108. Moreover, an appellant may not use a reply brief to raise new issues or assignments of error. Durham v. Pike Cty. Joint Vocational School, 150 Ohio App.3d 148,2002-Ohio-6300, 779 N.E.2d 1051, at ¶ 12; In re Haubeil, Ross App. No. 01CA2631, 2002-Ohio-4095, at ¶ 25. Reply briefs are to be used only to rebut arguments raised in appellee's brief. App.R. 16(C);Durham; In re Haubeil. Accordingly, we overrule Morequity's assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
[2] According to CAC, the parties intended to execute both the mortgage and promissory note together but were unable to do so because Maynard failed to provide a copy of the property's legal description on the day he executed the promissory note.